### 17372

K. C. NASH, Plaintiff-Appellant-Respondent, v. Etson GARDNER and Hattie Gardner, Defendants-Appellants-Respondents.

(101 S. E. (2d) 283)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant-Respondent,*

*Messrs. Tison & Tison,* of Hartsville, *for Respondents-Appellants,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Plaintiff-Respondent,*

*McEachin, Townsend & Zeigler,* of Florence, *for Plaintiff-Appellant,*

*Messrs. Tison & Tison,* of Hartsville, *for Respondents-Appellants,*

December 30, 1957.

STUKES, Chief Justice.

This action is between owners of adjoining lands in Darlington County, much of which is in Lynches River swamp. Their respective titles are derived from a common source,

W. H. Gardner, who in the year 1890 obtained deed from Segars for 163 acres, more or less, described by corners and boundaries, but no distances; and deed from his father in 1900 for 360 acres, more or less, on the east side of Lynches River, described by bounds and with reference to a plat which is lost.

The complaint alleged the ownership by plaintiff of an undivided 35/36 interest, and the defendant Hattie Gardner 1/36 interest, in the home place, pasture and swamp of W. H. Gardner, deceased, containing approximately 700 acres; and the possession by the defendant Etson Gardner of the adjoining tract which was described as in the Segars deed of 1890, *ante*. It was further alleged that Etson wrongfully claimed portions of plaintiff's land, trespassed upon it, prevented survey of the boundary, thereby creating cloud upon plaintiff's title for which he has no remedy at law; damages were alleged and demanded for the trespasses, injunction prayed and that the court order a survey of the boundary.

The answer contained a description of the boundaries of the Segars tract as claimed by the defendant Etson Gardner and alleged that they were shown to plaintiff before his purchase and he acquiesced and agreed thereto. Trespasses by plaintiff on Etson's land were alleged, damages demanded, and that the boundary line be established as claimed. There were other defensive allegations, with which the appeals to this court are not concerned. Likewise, the court dismissed the cross-demands of the parties for damages, from which neither has appealed.

Under Circuit Court Rule 36 and with the consent of the parties, the court appointed T. E. Wilson, C. E., to make survey and plat of the property. Mr. Wilson's plat dated March 7, 1956, was returned. It shows total acreage of 971.2, including two parcels separately surveyed and represented upon the plat, 128 acres (marsh land) and 69 acres (upland), which are on the boundaries of the respective tracts of the parties and are in dispute. Mr. Wilson was as-

sisted in the survey by his son who is also a surveyor; both of them testified.

There was a consent order of reference to the master to take the testimony, which was reported to the court on May 12, 1956. Arguments were heard on July 17, 1956. Before decision and on October 3, 1956, counsel for the defendants moved for an order allowing the defendant Etson Gardner to interpose the defense of *res judicata* and also for an order to reopen the case for the purpose of taking additional testimony. Argument was heard on the motions on October 13, 1956. On January 11, 1957, counsel for the defendants by letter to the court submitted affidavits for consideration in the motion to reopen. It was agreed by counsel that the court should order the sale in partition of the land owned by plaintiff and defendant Hattie Gardner because a partition suit between these parties was pending, which appears to be the action in which decision on appeal is reported as *Nash v. Gardner,* 226 S. C. 165, 84 S. E. (2d) 375.

By decree dated May 1, 1957, the court denied the defendants' motion to reopen and amend and found in plaintiff's favor as to one of the disputed tracts of land and in the defendant Etson Gardner's favor as to the other. Plaintiff and defendants appealed.

Upon consideration of the evidence we are of opinion that the judgment of the trial court is in accord with the preponderance of it. The opinion of the surveyors, in which that of one of them was weakened on cross examination, was not followed by the court with respect to the 128-acre disputed tract; but there a main corner in controversy was shown to plaintiff by Etson before plaintiff's purchase of the land, in connection with his prior purchase of timber, and he assented to it. *Richardson v. Register,* 227 S. C. 81, 87 S. E. (2d) 40, and cases there cited. There was considerable other evidence tending to establish this corner (S on the plat) as it was found by the court. On the other hand, in the disposition of the disputed 69 acres the view of the surveyors prevailed over the testimony of Etson and his lay witnesses.

The weight of the evidence (particularly the surveyors' testimony and the description in the Segars deed of 1890) concerning the location of it is clearer than that relating to the other disputed tract. We think that, under the evidence, the court correctly disposed of both of them, and the decree thereabout will be affirmed. There may be appropriately repeated the comment in the opinion on appeal in prior litigation between the parties, *Gardner v. Nash,* 225 S. C. 303, 82 S. E. (2d) 123, that the trial judge lives in Darlington County and knows the parties and probably at least the most of the witnesses, which enabled him to better evaluate the testimony.

Nevertheless, the case has been difficult to decide—made so by the meagre information concerning the boundaries of the lands, both of record and on the ground. The old marks and monuments of some of the corners of the lines have been obliterated and lost. This may be explained by the ravages of time during the long period when both tracts were owned by W. H. Gardner, and it was then of no importance to preserve evidence of the dividing lines; nor was it of importance after his death in 1926 until about 1942, when his children kept the lands together for the benefit of their mother for her lifetime. Each claimant has been found to own far more acreage than his muniments of title call for, which is doubtless due to the fact that until comparatively recently swamp lands were generally considered to be of insufficient value to warrant the expense of surveying and marking, let alone of re-surveying and renewing and replacing line marks and monuments, all of which is within common knowledge. Another probable cause of the apparent neglect of W. H. Gardner in this particular is that he was illiterate. He executed his will by mark instead of signature; it appears in the opinion in *Nash v. Gardner, supra,* 226 S. C. 165, 84 S. E. (2d) 375. And the testimony of his sons in this case indicates that they are of little education.

We have considered the appeals as in equity. The case was so treated by counsel in the court below and was so

tried and decided by the court. Undoubtedly, equitable issues arose upon the pleadings and there was no effort by the parties to separate for trial any legal issues. *Little v. Little,* 215 S. C. 52, 53 S. E. (2d) 884; *Austin-Griffith, Inc., v. Goldberg,* 224 S. C. 372, 79 S. E. (2d) 447, 42 A. L. R. (2d) 1123. This accords with plaintiff's contention on appeal; and affirmance of the factual findings of the trial court renders academic the position of defendants which is stated in one of their briefs on appeal, as follows: "The case being at law, and a jury trial having been waived, findings of fact by the circuit judge are conclusive."

The proposed defense of *res judicata* was properly rejected. It had reference to the case of *Etson Gardner v. Nash,* whose roles are reversed here, appeal in which is reported in 225 S. C. 303, 82 S. E. (2d) 123, *supra.* It was a successful action to set aside a judicial sale of the land of Etson Gardner in which Nash, the present plaintiff, was found guilty of fraud and of having chilled the bidding. It need only be noted that it was a different cause of action from this and no issue relating to the boundaries of the land was, or could have been, involved in it. *Johnston-Crews Co. v. Folk,* 118 S. C. 470, 111 S. E. 15; *Lyerly v. Yeadon,* 199 S. C. 363, 19 S. E. (2d) 648; 30 Am. Jur. 914 *et seq.,* Sec. 172.

Likewise there was no reversible error in the refusal to reopen the trial to admit the additional evidence which was proffered by the defendant Etson Gardner. It was cumulative, as found by the trial court. Moreover, the affidavit of the single proposed witness was not offered at the time of the motion, but long after. *Callison v. Charleston & W. C. Ry. Co.,* 106 S. C. 123, 90 S. E. 260. Certainly, no abuse of discretion has been made to appear.

There remains for decision only plaintiff's appeal from the apportionment between the parties of the costs of the action. It was adjudged that they should be taxed 34/36 against plaintiff, 1/36 against Etson Gardner and 1/36 against Hattie Gardner. No reason was as-

signed by the court for the apportionment and plaintiff excepts, contending by his exception 17 that half of the costs should be borne by Etson, 35/36 (*sic*) by plaintiff and 1/36 by Hattie. (His complaint is plain enough, but his fractions are bad. )

Defendants argue in support of the unusual taxation the respective values of the 128-acre and the 69-acre tracts; but there is in the record no evidence of the comparative values. The 128-acre tract appears on the plat to be all wooded and is designated "marsh land", while the 69 acres appear to be about half cultivated land and presumably of greater value per acre than marsh land.

The allowance of costs in equity cases is within the power of the court. Sec. 10-1601, Code of 1952, and cases cited in the footnotes. But it is to be exercised with discretion and must be based upon reason. *Cauthen v. Cauthen*, 81 S. C. 313, 62 S. E. 319; *Ex parte Miller*, 192 S. C. 164, 5 S. E. (2d) 865. The record here indicates no sound reason for the action of the trial court but, on the contrary, that it was arbitrary. Equalization of the burden of costs appears from all that is before us to be more equitable. Resort may be properly had to the maxim, equality is equity. Accordingly, error is apparent on the record and the taxation will be modified and the costs, including the costs and disbursements on appeal (there is no prevailing party), will be taxed one-half against Etson Gardner, and one-half against plaintiff and Hattie Gardner together in the proportion between them of their cotenancy, which is plaintiff 35/36 and Hattie 1/36; but the costs of the sale for partition between plaintiff and Hattie shall be paid from the proceeds of the sale.

The judgment is modified with respect to the taxation of the costs; in all other respects it is affirmed.

Modified and remanded.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.