1822

Dorothy C. HALLUMS, Appellant v. MICHELIN TIRE CORPORATION, Employer, and the Hartford Accident and Indemnity Co., Respondents.

(419 S.E. (2d) 235)

Court of Appeals

*V. Laniel Chapman* and *Bruce A. Byrholdt* of *Chapman, King & Byrholdt,* Anderson, *for appellant.*

*Wm. Douglas Gray* of *Watkins, Vandiver, Kirven, Gable & Gray,* Anderson, *for respondents.*

Heard April 8, 1992; Decided May 26, 1992.

On Reh. July 9, 1992.

GARDNER, Judge:

This is a workers' compensation case. Dorothy C. Hallums (claimant) worked for Michelin Tire Corporation (employer). The claimant developed carpal tunnel syndrome and received compensation from the Full Commission. There was no appeal from this order. Later, the claimant filed the present action seeking further compensation and medical treatment on the grounds of changed condition for the worse. The Hearing Commissioner granted benefits, but the Full Commission reversed. The Circuit Court affirmed the Full Commission. We reverse and remand.

## ISSUE

A. Did the Full Commission abuse its discretion in refusing to consider Dr. Wilson's opinion on the claimant's present condition or, stated differently, did the Full Commission abuse its discretion in excluding from evidence certain medical reports and test results?

B. Is there substantial evidence to support the Commission's finding that claimant does not suffer from a change in condition for the worse?

## FACTS

By order dated August 19, 1986, the Hearing Commissioner awarded the claimant a 15 percent loss of use of the right hand and a 20 percent loss of use of the left hand. This decision was subsequently affirmed by the Full Commission, and that order was not appealed.

Claimant filed a timely petition pursuant to S.C.Code Ann. § 42-17-90 (1985) for a review of the Commission's decision. She asserted that she had a change of condition for the worse and was thus entitled to further benefits under the Workers' Compensation Act.

Attached to the motion form was a letter from Dr. Wilson dated December 2, 1987, in which he stated that the claimant's condition was getting worse and that her disability should be rated much greater than it was originally. This letter also stated, "I think she will need further nerve conductive tests to determine the cause of her deterioration."

A hearing was held before the Hearing Commissioner on March 7, 1988. The Hearing Commissioner requested Hallums' attorney to make an opening statement. Hallums' attorney, among other things, stated:

> Also I believe we have agreed to take Dr. Wilson's [deposition] since he couldn't be here today. But we are going to take his medical, not only his reports but his testimony by way of deposition. I think it has been scheduled two weeks from now. I think everything in that line is in order to be completed by depositions, and we would offer the claimant today to present her oral testimony.

Later the court ruled:

> THE COURT: All right, sir. All right. With your objections noted I'm going to allow the report, but certainly I will give you—I'm going to give the whole case thirty (30) days to get any depositions or reports that might be out there.

Subsequently, the claimant testified.

The employer and the carrier relied on the report of Dr. Bruce who had performed two operations on the claimant. His notes and reports tracked the claimant's treatment and alleged recovery. He ordered a nerve conduction study in Octo-

ber 1985. The results are not of record, but it appears that the study was "equivocal." After the operations by Dr. Bruce, his records reflect that in his opinion the claimant reached maximum medical improvement in June 1986 with permanent impairment based on continuing pain of 10 percent to the right hand and 15 percent to the left hand.

After the claimant testified the following colloquy occurred:

THE COURT: All right, ma'am. Thank you. Any other witnesses, Mr. Chapman?

MR. CHAPMAN: No, sir.

THE COURT: Now what I'm going to do, I'll say again, I'm going to allow thirty (30) days for any other depositions or any response to any reports that we have. Of course, the thirty (30) days is simply for depositions, no more reports. If there's a report—Mr. Gray, you mentioned the psychiatrist's report.

MR. GRAY: Yes, sir, right. We haven't had an opportunity—

THE COURT: If you're going to give a response or do a deposition then that must be done within the thirty (30) days.

Dr. Wilson's deposition was taken on March 22, 1988. At that deposition, Dr. Wilson testified that a nerve conductive study had been conducted on the claimant on March 3, 1988, at St. Francis Hospital. He testified that this study revealed a definite deterioration in the claimant's condition with impaired function of both the right and the left median nerve.

Dr. Wilson referred to a letter that he had written to the claimant's attorney on March 18, 1988. In his deposition, Dr. Wilson referred to a letter he had written to Claimant's attorney on March 18, 1988. Dr. Wilson's testimony at the deposition included everything in the letter except his opinion that the claimant at that time had a disability in the right hand of 40 percent and in the left had of 45 percent.

The report of the Hearing Commissioner dated December 16, 1988, found that the claimant had in fact undergone a physical change of condition for the worse within the statutory period which resulted in the need of further medical care and treatment. The Hearing Commissioner held that the claimant "ha[d] 45 percent impairment to the left hand and a 40 percent

impairment to the right hand as a result of the deterioration of her carpal tunnel syndrome including the previously rated impairment of 15 percent and 20 percent as of December 9, 1986."

A majority of the Full Commission reversed the order of the Hearing Commissioner by holding:

The substantial and probative evidence of record in this case warrants a finding that the employee has not undergone a change of condition.

In reaching this conclusion, the Full Commission held that Dr. Wilson's March 18, 1988 letter was not part of the record. This ruling was based upon the Hearing Commissioner's statement that the 30 days extension was "simply for depositions, no more reports."

## DISCUSSION

### I.

We hold that the majority of the Commission erred in reversing the Hearing Commissioner for the procedural reason that the Hearing Commissioner had considered Dr. Wilson's March 18, 1988 letter about which Dr. Wilson testified in his March 22 deposition.

We again note that the deposition of Dr. Wilson taken on March 22, 1988, was taken by agreement of the counsel.[1] Importantly, the record before us reflects that the letter of March 18, was included in the record by Mr. Gray, attorney for the employer and the carrier. We quote:

BY MR. GRAY: For the record, why don't we read off what we are going to attach as an exhibit to be sure we've got it.

\* \* \* \* \* \*

BY MR. GRAY: Well, I was going to do it in chronological order.
BY MR. CHAPMAN: Okay.
BY MR. GRAY: The nerve conduction studies, impres-

---

[1] The brief of the employer contains this statement: "At the hearing, the respondents requested to take the deposition of Dr. Robert Wilson and objected to the report of Dr. Robert Cox, a Psychiatrist."

sion by Dr. Kistler, dated August 7, 1987; the nerve conduction study by Dr. Laurie Laven, impression summary dated March 3, 1988; the March 3, 1988 physical therapy progress note from St. Francis Community Hospital; and the March 18, 1988 letter from Dr. Wilson to Mr. Chapman. Right?

On appeal to the Full Commission, the grounds for review are attached to the employer and carrier's application. Ground nine provides:

> 9. In issuing the Award, the error being that said Award was made upon unlawful procedure in that the Hearing Commissioner received and based upon the content of the Statement of the Case, Findings of fact and Award necessarily relied upon a medical report of Dr. Robert A. Wilson submitted by the Claimant's attorney after the record in this matter was ordered closed by the Hearing Commissioner.

The statement contained in the order of Hearing Commissioner dated December 16, 1988, included the following:

> A letter from Dr. Robert Wilson dated December 2, 1987, was submitted by the claimant at the time of the filing of her Form 50. The reports of Dr. Wilson dated May 17, 1986, July 18, 1987 and March 18, 1988 were introduced as exhibits and made a part of Dr. Wilson's deposition taken on March 22, 1988. This deposition was taken pursuant to the direction of the Commissioner, as stated above, and was submitted and made part of this record on behalf of the Claimant/Employee.

We hold that the order of the Full Commission overruling Hearing Commissioner's order of December 16, 1988, on the grounds that Dr. Wilson's letter of March 18, 1988, was inadmissible is patently erroneous. It is erroneous first because this position was not taken before the Hearing Commissioner but to the contrary Dr. Wilson's letter of March 18, 1988, was expressly made a part of the record by the employer and the carrier. This amounted to an express waiver of any objection to this letter. 5 Am. Jur. (2d) *Appeal and Error* § 601 (1962).

The employer contends that the parties agreed prior to taking the deposition that all objections would be reserved except to the form of the question. This reservation, we hold, is not pertinent to an agreement by counsel to include exhibits in the record of the taking of the deposition. The reason for this is that the letter itself could have been read into the deposition or questions elicited which would have covered everything in the letter.

"An administrative or quasi judicial body is allowed a wide latitude of procedure and not restricted to the strict rule of evidence adhered to in a judicial court." *Jacoby v. South Carolina State Board of Naturopathic Examiners*, 219 S.C. 66, 90, 64 S.E. (2d) 138, 149 (1951). This Court in the case of *Brown V. La France Indus.*, 286 S.C. 319, 324, 333 S.E. (2d) 348, 351 (Ct. App. 1985) had this to say about the latitude allowed a Workers' Compensation Commissioner:

> We find the single commissioner did not depart from the essential requirements of the law in reopening the case and in allowing the claimants the opportunity to present additional testimony. In South Carolina, it is well established that the decision of the trial judge to allow a party to reopen his case will not be reversed unless the opposing party was prejudiced thereby. *See* McKay, Robinson, and Tate, *Practice and Procedure*, 11 S.C.L.Q. 93 (1958). A trial judge enjoys considerable latitude and discretion in these matters. *See Nash v. Gardner*, 232 S.C. 215, 101 S.E. (2d) 283 (1957); *Harley v. City of Spartanburg*, 230 S.C. 478, 96 S.E. (2d) 828 (1957); *Allen v. Watson*, 20 S.C.L. (2 Hill) 319 (1834). Similar discretion reposes with the single commissioner. *Exxon Co. v. Alexis*, 370 So. (2d) 1128 (Fla.1978); *Stanley v. United Iron Works Co.*, 160 Kan. 243, 160 P. (2d) 708 (1945).

We note that the same authority is now provided by 25A S.C. Code Ann. Regs. 67-613-C(1) (c) (1990).

In our opinion, the Hearing Commissioner retained jurisdiction of this case until he made his report and issued his order. The effect of permitting the deposition of Dr. Wilson to be taken after march 7, 1988, was to adjourn the hearing until the deposition of Dr. Wilson was held on March 22, 1988. And it was within the Hearing Commis-

sioner's discretion to accept in evidence all exhibits offered by the employer and carrier with the consent of the claimant; this includes Dr. Wilson's letter of March 18, 1988. We hold that the hearing was still in progress until the Hearing Commissioner examined the deposition taken on March 22, 1988, and the exhibits introduced at that time. We hold that after his receipt of that deposition and exhibits, the hearing was then concluded, the purpose of the adjournment having been accomplished.

For the above reasons, we hold that the appealed order was erroneous in failing to remand this case to the Commission for reconsideration. It is accordingly reversed.

## II.

Since we remand this case for procedural reasons, we do not address the issue of whether the findings of fact and conclusion of the Commission are supported by substantial evidence on the whole record. We are concerned about the decision reached by the Commission in this case but defer the decision on this question for later consideration if there is an appeal from the Commission's ruling upon rehearing.

## CONCLUSION

For the above reasons, we reverse the appealed order and remand this case to the Full Commission for rehearing in accordance with this decision.

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.