548 S.E.2d 854

**John DOE, Individually, and as Guardian for his minor child, James DOE and Jason Doe, Individually and on behalf of all others similarly situated, Respondents,**

v.

**Merle BATSON, Petitioner.**

**No. 25313.**

Supreme Court of South Carolina.

Heard April 4, 2001
Decided June 25, 2001

---

Edward R. Cole and Robert E. Davis, of The Ward Law Firm, of Spartanburg, for petitioner.

J. David Flowers and William A. Jordan, of Greenville, for respondents.

BURNETT, Justice:

Petitioner Merle Batson (Batson) appeals from an opinion of the Court of Appeals reversing the trial court's order granting summary judgment in her favor. *Doe v. Batson*, 338 S.C. 291, 525 S.E.2d 909 (Ct.App.1999). We affirm in part, vacate in part, and remand to the trial court for further proceedings.

## FACTS

Respondent John Doe brought this putative class action on behalf of his minor sons and other unidentified boys (collectively "Doe") who were sexually abused by Donald Batson (Donald), a youth minister at Brushy Creek Baptist Church. Donald pled guilty to seventeen felony counts of criminal sexual conduct and was incarcerated at the time the summary judgment motion was heard.

Doe's complaint against Batson alleged that Donald lived in Batson's home from 1991 to 1995, during which time he brought boys between the ages of ten and eighteen to Batson's home for the purpose of molesting them. Doe alleged that Batson was home on numerous of these occasions and that she knew, or should have known, that her son had young boys in his bed and had deviant sexual propensities. Doe alleged that Batson's failure to warn the boys' parents was negligent, willful, and wanton, demonstrated a reckless disregard for the rights, safety, and well-being of the young boys who were abused by her son, and that but for Batson's failure to warn the boys and their parents, the boys would not have been molested. The trial court granted Batson's motion for summary judgment under Rule 56, SCRCP, and the Court of Appeals reversed. *Doe v. Batson*, 338 S.C. 291, 525 S.E.2d 909 (Ct.App.1999). Batson's petition raises two issues for this Court:

I. Did the Court of Appeals err in holding the trial court's grant of summary judgment was premature?

II. Did the Court of Appeals err in holding a parent of an adult child living in the parent's home may have a duty to warn third parties of the dangerous propensities of the adult child?

## DISCUSSION

I. Summary Judgment

Batson argues the Court of Appeals erred when it held the trial court abused its discretion in prematurely granting summary judgment. *See Black v. Lexington School Dist. No. 2,* 327 S.C. 55, 488 S.E.2d 327 (1997) (applying abuse of discretion standard to trial court's rulings pursuant to Rule 56, SCRCP). We disagree.

A. Rule 56 Affidavits

Batson moved for summary judgment under Rule 56, SCRCP, on February 23, 1998. She attached to her motion an affidavit stating that Donald was born on August 6, 1964 and was therefore an adult of at least 27 years of age at the time the complained of acts allegedly began in 1991, that Donald resided in her home from and after November of 1993, and that she did not know, nor did she have reason to believe or know, any such acts were being committed, including any acts allegedly committed in her home.

The trial court conducted the Rule 56 motion hearing via telephone conference call on May 7, 1998. The court initially stated the hearing was on Batson's motion to dismiss. Batson's counsel immediately corrected the judge and reminded him the court had heard and denied Batson's Rule 12(b)(6) motion several months earlier. Doe's attorney did not object to proceeding with the Rule 56 motion. The basis for Batson's summary judgment motion was that Donald was an adult at the time the abuse took place and his mother had "no ability or duty to control his actions."

Doe opposed the motion, arguing first that it was premature, because he had several depositions scheduled the following week, including Donald's, and he had not yet had the opportunity to depose Batson. Second, Doe argued that Don-

ald's age was irrelevant because Batson's duty was rooted in premises liability.

The trial judge asked whether Doe had filed any affidavits in opposition to the summary judgment motion. Doe's counsel answered negatively and stated he, like the court, assumed Batson had refiled her motion to dismiss because that is what the notice from the court stated.[1] He acknowledged he received the summary judgment motion with the affidavit attached, and asked, if the court was inclined to grant the motion on that basis, that he be permitted to file a Rule 56(f) affidavit on his own behalf indicating to the court the outstanding discovery that had already been requested.

The trial judge indicated his inclination to grant the summary judgment motion for two reasons. First, although the docket did show a motion to dismiss, Doe's counsel was served with Batson's motion for summary judgment and affidavit on February 24, 1998 and did not file any opposing affidavits as required by Rule 56(e), SCRCP. Second, even viewing the allegations in the light most favorable to Doe, there existed no genuine issue of material fact that would render Batson liable under the law of South Carolina. The court's subsequent written order granting summary judgment to Batson relied on Doe's failure to respond by affidavit or other evidence demonstrating a genuine material issue of fact and Doe's failure to bring to the court's attention any rule of law in South Carolina which would create liability on Batson's part for the acts of her adult son. The court ruled that since Batson had "no legal duty to supervise or control her adult son," she therefore had "no duty to third parties to warn them of his propensities, which in any event she has denied any knowledge of."

Rule 56(e), SCRCP, relied upon by the trial court, requires a party opposing summary judgment to come forward with affidavits or other supporting documents demonstrating the existence of a genuine issue for trial.[2] However, this require-

---

1. Moreover, Batson filed "basically the same" memorandum in support of her motion for summary judgment as filed in support of her earlier motion to dismiss and did not retitle it.

2. The full text of the rule is as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence,

ment does not apply to motions to dismiss under Rule 12(b)(6). We conclude the trial court acted hastily in granting summary judgment based on a technical deficiency on the part of Doe's counsel, when there clearly existed some confusion regarding whether the hearing was pursuant to Rule 12(b)(6) or Rule 56.

We disagree, however, with the Court of Appeals' conclusion that the trial court abused its discretion in refusing to permit Doe's attorney to file Rule 56(f), SCRCP affidavits after the hearing. Rule 56(f) applies when it appears *"from the affidavits* of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Rule 56(f), SCRCP (emphasis added). In such a case, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just." *Id.* Thus, Rule 56(f) requires the party opposing summary judgment to at least present affidavits explaining why he needs more time for discovery. The rule does not apply in the situation presented where no affidavits were filed whatsoever.

### B. Full and Fair Opportunity to Complete Discovery

The Court of Appeals held the trial court abused its discretion in granting summary judgment before Doe had a full and fair opportunity to complete discovery. We agree.

▮▮▮▮ Summary judgment is a drastic remedy, which should be cautiously invoked so that no person will be improperly deprived of a trial of the disputed factual issues. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d

---

and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*
Rule 56(e), SCRCP (emphasis added).

537, 543 (1991). This means, among other things, that summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery. *Id.*

In *Baughman,* we ruled summary judgment premature because (1) plaintiffs demonstrated a likelihood that further discovery would uncover additional relevant evidence, and (2) plaintiffs were not dilatory in seeking discovery. Although three years had elapsed between filing the action and summary judgment, the delay could not fairly be attributed solely to plaintiffs' inaction, and the delay was tempered by the complexity of the case. *Id.* at 112–114, 410 S.E.2d at 544.

The record here does not support a finding that Doe was dilatory in pursuing discovery. Depositions, including Donald's, were scheduled for the week following the hearing. Doe had noticed Batson's deposition on January 31, 1998, but postponed it at the request of defense counsel in two related cases,[3] in order to consolidate the discovery process. Although the delay was in no way attributable to Batson, it was not solely attributable to Doe either. Doe should have been permitted to complete discovery. *See J.S. v. R.T.H.,* 155 N.J. 330, 714 A.2d 924, 936 (1998) (summary judgment entered five months after defendant's answer was filed was premature; "plaintiffs should have been given the opportunity to depose [molester] and others to try to discover further evidence bearing on [defendant's] knowledge of [molester's] conduct or sexual proclivities").

II. Batson's Duty

 Batson argues that even if the trial court erred in granting summary judgment on procedural grounds, South Carolina does not impose upon her a duty to act affirmatively under the facts alleged. The record before us is insufficient to determine whether Batson owed any duty to Doe.

 To state a cause of action for negligence, the plaintiff must allege facts which demonstrate the concurrence of three elements: (1) a duty of care owed by the defendant; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach. *Kleckley v. Northwestern Nat. Cas. Co.,* 338 S.C. 131, 526 S.E.2d 218 (2000). An essential element in a cause of action for negligence is the

---

3. Doe also sued Donald and Brushy Creek Baptist Church.

existence of a legal duty of care owed by the defendant to the plaintiff. *Bishop v. South Carolina Dept. of Mental Health*, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998). Without a duty, there is no actionable negligence. *Id.* "Proof of negligence in the air, so to speak, will not do." *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E. 99, 99 (1928) (quoting Sir Frederick Pollock). The existence of a duty owed is a question of law for the courts. *Washington v. Lexington County Jail*, 337 S.C. 400, 405, 523 S.E.2d 204, 206 (Ct.App.1999).

The Court of Appeals discussed two possible sources of liability for the parent of an adult child residing in the home: (1) a duty to warn arising from a special relationship or circumstance, and (2) a duty to warn based on premises liability. We vacate those portions of the Court of Appeals' opinion suggesting potential sources of liability in this case. The paucity of the record makes it impossible for us to determine the merits of Doe's argument. Whether Batson had a cognizable duty will be determined after the record has been more fully developed.

## CONCLUSION

We affirm the Court of Appeals' reversal of summary judgment, vacate those portions of the Court of Appeals' opinion discussing liability, and remand to the trial court for discovery and development of Doe's theories of recovery.

TOAL, C.J., WALLER and PLEICONES, JJ., and Acting Justice ALEXANDER S. MACAULAY, concur.