THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Pamelia Brown,       
Respondent,
 
 
 

v.

 
 
 
Ashby Taylor and Sandra Taylor,       
Appellants.
 
 
 

Appeal From Charleston County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2003-UP-706
Submitted September 17, 2003  Filed December 9, 2003 

AFFIRMED

 
 
 
Robert H. Hood, Robert H. Hood, Jr., Johns C. Hayes, IV 
 and Deborah H. Sheffield, all of Charleston, for Appellants.
Daniel Scott Slotchiver and Edward P. Guerard, both of Charleston, 
 for Respondent.
 
 
 

PER CURIAM:   Defendants Taylors appeal from an order granting summary 
 judgment to Plaintiff Brown on the issue of liability for a dog bite, arguing 
 that they did not have sufficient time to conduct discovery. We affirm.
FACTS
This matter is a civil case about a dog bite. Defendants 
 Dr. and Mrs. Taylor owned a dog named Charlie.  The Taylors hosted a social 
 event in their home on James Island in April 2001. During the party, Charlie, 
 who had been outside in his kennel, somehow got free and started mingling with 
 the guests. Plaintiff Pamelia Brown was in the kitchen and was cooing and 
 kissing the dog. Shortly thereafter, Charlie bit her. The Taylors did not 
 see the bite take place. But some other people were present, including Browns 
 husband. Mrs. Taylor claimed that some of the eyewitnesses told her that Brown 
 fell on the dog. However, Mrs. Taylor could not identify those witnesses by 
 name. Mrs. Taylor also testified that Brown had had plenty to drink. Brown 
 maintains that she simply bent down to pet the dog and that it attacked her 
 for no reason. 
Brown filed her negligence action in August 2002. 
 The Taylors answered, denying the allegations and asserting numerous affirmative 
 defenses, including sole and comparative negligence. 
Brown then moved for summary judgment as to liability 
 and punitive damages in October 2002. Brown also moved to dismiss the Taylors 
 affirmative defenses. Following a hearing in November 2002, the trial court 
 granted summary judgment in favor of Brown on the issue of liability. The court 
 also dismissed the Taylors affirmative defenses but declined to grant summary 
 judgment on the issue of punitive damages. 
The Taylors are appealing. They contend that the 
 trial court erred when it granted summary judgment to Brown because the Taylors 
 had not had a full and fair opportunity to complete discovery. 
 
 ANALYSIS
The supreme court ruled in Baird v. Charleston 
 County, 333 S.C. 519, 529, 511 S.E.2d, 74 (1999), that summary judgment 
 must not be granted until the opposing party has had a full and fair opportunity 
 to complete discovery. However, "[a] party seeking to recover upon a claim, 
 counterclaim, or cross-claim or to obtain a declaratory judgment may, at any 
 time after the expiration of 30 days from the commencement of the action ... 
 move ... for a summary judgment in his favor upon all or any part thereof." 
 Rule 56(a), SCRCP. 
Once a party has properly moved for summary judgment 
 and has filed a supporting affidavit, the opposing party, if it wishes to have 
 more time for discovery, is required under Rule 56(f), SCRCP, to file an opposing 
 affidavit to explain why more time is necessary. Doe v. Batson, 345 SC 
 316, 321, 548 S.E.2d 854, 857 (2001).
Alternatively, a party opposing a summary judgment 
 motion must demonstrate that further discovery would likely adduce facts relevant 
 to the resolution of the case. See Robertson v. First Union Natl. 
 Bank, 350 S.C. 339, 347-47, 565 S.E.2d 309, 313 (Ct. App. 2002); Dawkins 
 v. Fields, 354 S.C. 58, 70, 580 S.E.2d 433, 439 (2003) (finding  that summary 
 judgment was proper where the non-moving party had failed to present any specific 
 acts establishing a genuine issue for trial.). 
Here, the Taylors argue they did not have enough 
 time to conduct discovery because they had not had a chance to depose Brown. 
 Under normal circumstances, three months would be insufficient time for discovery 
 if the non-moving party did not have access to the relevant information. But 
 here the Taylors knew about Browns summary judgment motion in which Brown denied 
 provoking Charlie. The Taylors attorney had received the insurance carriers 
 file and had in his possession the statements of the relevant witnesses. (R.156). 
 There were no surprises at the hearing. And yet, the Taylors produced no document 
 in opposition to the motion and made no attempt at discovery. The Taylors certainly 
 had sufficient time to do that. See Middleborough Horiz. Property 
 Regime Council v. Montedison, S.p.A., 320 S.C. 470, 479, 465 S.E.2d 765, 
 771 (Ct. App. 1996) (sustaining a summary judgment in part because the defendants 
 advance[d] no good reason why four months was insufficient time  to develop 
 documentation in opposition to the motion for summary judgment.). 
AFFIRMED.
Huff, Stilwell, and Beatty, JJ., concur.