**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Commerce and Industry Insurance Co., Appellant,

v.

Second Injury Fund of South Carolina, Respondent.

Appellate Case No. 2013-002487

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-103
Submitted January 1, 2015 – Filed March 4, 2015

———————

**AFFIRMED**

———————

Nicholas Andrew Farr, of Gallivan, White & Boyd, P.A., of Greenville, for Appellant.

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** The Commerce and Industry Insurance Company appeals the circuit court's decision affirming the South Carolina Workers' Compensation Commission's (Commission's) denial of recovery from the South Carolina Second Injury Fund (the Fund), arguing the circuit court erred in affirming (1) the

Commission's decision to admit the Fund's unsigned, unsworn, and unauthenticated e-mail into evidence; (2) the Commission's finding that nothing in the employee's medical reports indicated he had prior back problems; and (3) the Commission's finding the employee's pre-existing condition was not a hindrance to employment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Commission erred in admitting the Fund's email: *Hallums v. Michelin Tire Corp.*, 308 S.C. 498, 504, 419 S.E.2d 235, 239 (Ct. App. 1992) ("An administrative or quasi judicial body is allowed a wide latitude of procedure and [is] not restricted to the strict rule of evidence adhered to in a judicial court."); *Hamilton v. Bob Bennett Ford*, 339 S.C. 68, 70, 528 S.E.2d 667, 668 (2000) ("'[G]reat liberality is exercised in permitting the introduction of evidence in proceedings under Workmen's Compensation Acts.'" (quoting *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 82, 7 S.E.2d 712, 719 (1940))); *id.* ("Hearsay testimony may be admissible in workers' compensation matters if corroborated by facts, circumstances, or other evidence.").

2. As to whether the Commission erred in finding nothing in the medical reports indicated the employee had prior back problems: *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund*, 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers' compensation commission."); *id.* ("The substantial evidence rule of the APA governs the standard of review in a workers' compensation decision. This [c]ourt's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." (citations omitted)); *id.* at 620, 611 S.E.2d at 300 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *id.* at 620, 611 S.E.2d at 301 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.").

3. As to whether the Commission erred in finding the employee's pre-existing condition was not a hindrance to employment: *Liberty Mut. Ins. Co.*, 363 S.C. at 619, 611 S.E.2d at 300 ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers' compensation commission."); *id.* ("The substantial evidence rule of the APA

governs the standard of review in a workers' compensation decision."); *id*. at 620, 611 S.E.2d at 300 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *id*. at 620, 611 S.E.2d at 301 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. Where there are conflicts in the evidence over a factual issue, the findings of the [Commission] are conclusive." (citations omitted)); S.C. Code Ann. § 42-9-400(d) (2015) ("'[P]ermanent physical impairment' means any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed."); *id*. (omitting back pain and arthritis from a list of thirty-two conditions entitled to "a presumption that the condition is permanent and that a hindrance or obstacle to employment or reemployment exists"); S.C. Ann. Code § 42-9-400(a)(2) (2015) (stating "an employer or carrier must establish that his liability for medical payments is substantially greater by reason of the aggravation of the pre-existing impairment than that which would have resulted from the subsequent injury alone").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.