**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rico Dorsey, Employee, Appellant,

v.

Allwaste Services, Inc., Employer, and Bridgefield Casualty Insurance c/o Summit Holding, Inc., Carrier, Respondents.

Appellate Case No. 2017-001947

———————

Appeal From The Workers' Compensation Commission

———————

Opinion No. 2021-UP-125
Heard September 12, 2019 – Filed April 21, 2021

———————

**REVERSED AND REMANDED**

———————

Andrew Nathan Safran, of Andrew N. Safran, LLC, of Columbia, and Creighton B. Coleman, of Coleman & Tolen, LLC, of Winnsboro, both for Appellant.

Jasmine Denise Smith, and Nicolas Lee Haigler, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

———————

**PER CURIAM:** Rico Dorsey (Claimant) appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel), arguing the Appellate Panel erred in denying his request to leave the hearing record open for two expert witness depositions noticed by Employer. We reverse and remand.

**Facts and Procedural History**

On July 17, 2015, a garbage truck struck Claimant, an employee of Allwaste Services, Inc. (Employer), as he was collecting a trash can. That same day, Claimant saw Dr. Cynthia Youmans, who found he suffered from upper back and right arm pain and put him on light duty. On July 22, 2015, Dr. John Saunders saw Claimant and referred him to physical therapy. On September 8, 2015, Claimant filed a Form 50 request for a hearing.

Claimant received additional medical care and diagnostic testing, including treatment with Dr. James O'Leary. Dr. O'Leary found Claimant had an abnormal gait and "severe" back pain, and determined the lower back pain was directly related to Claimant's workplace accident. An October 2015 MRI revealed mild to moderate lumbar spondylosis, and a subsequent electromyography reflected mild nerve root irritation. Dr. O'Leary recommended an epidural steroid injection, which Claimant received in December 2015. Ultimately, Dr. O'Leary instructed Claimant to remain out of work through February 4, 2016. In February 2016, Dr. Ivan Lomatta, a spine surgeon, found Claimant had reached maximum medical improvement (MMI), with no loss of function or permanent impairment of his spine. Claimant's MRI revealed early mild degenerative changes.

Claimant was seen in April 2016 by Dr. Blake Dennis and Dr. Leonard Forrest of the Southeastern Spine Institute. Dr. Dennis found Claimant had no spine abnormality and was not a surgical candidate; Dr. Forrest reported "a normal study only noting mild noncompressive spondylosis" with "perhaps some mild disc bulging in the lower lumbar spine." Claimant's medical records further noted his spinal degenerative changes, lower back symptoms, and leg symptoms "undoubtedly predated the incident from last July; however, the likelihood [is] this condition was aggravated by his incident last July and caused to be symptomatic."

A hearing scheduled for April 15, 2016, was continued until May 9, 2016, due to Claimant's attorney's legislative duties. A May 9, 2016 hearing was also continued and reset for July 22, 2016.

On July 6, 2016, Employer filed its Form 58 pre-hearing brief and noticed the depositions of Dr. Dennis and Dr. Forrest. That same day, the single commissioner's office emailed both parties, stating the record would be left open for these depositions. The depositions of Dr. Forrest and Dr. Dennis were scheduled for August 8, 2016, and August 18, 2016, respectively. As Employer had previously noticed the depositions and listed the two physicians as witnesses, Claimant's Form 58, filed July 12, 2016, did not include notices for the depositions or list Dr. Dennis or Dr. Forrest as potential witnesses. Two days before the scheduled hearing, Claimant supplemented his Form 58 to include a patient questionnaire from Dr. Forrest.

On July 22, 2016, Claimant moved to postpone the hearing. At that point, Employer requested the record be closed to all evidence *except* Dr. Dennis's and Dr. Forrest's scheduled depositions. The single commissioner continued the hearing and ordered "the record will be closed as to what was going to go forward today as of July 22nd; however, the record will be left open for those two additional depositions that are scheduled."

At the August 3, 2016 hearing, the single commissioner admitted, over Employer's objection, the medical questionnaire from Dr. Forrest, which was consistent with Claimant's Southeastern Spine medical records. The questionnaire provided Dr. Forrest's medical opinion that Claimant's "right arm systems of pain and numbness to a reasonable degree of medical certainty, were most likely caused by his work related accident of July 15, 2015." Dr. Forrest included an additional handwritten note that Claimant's back symptoms were "aggravated by the accident and caused to become symptomatic." Claimant was the only witness called at the hearing.

At the close of the hearing, the single commissioner stated she would take both Employer's and Claimant's requests to leave the record open under advisement, explaining:

> With regard to any outstanding discovery, prior to today's hearing, there had been correspondence requesting that the Commission hold the record open to depose I believe Dr. Dennis and Dr. Forrest. The initial request was made by [Employer], and then subsequently there was a request, I believe I have that in writing as well, made by the Claimant. I will take both of those requests under advisement and issue a written decision with the

understanding that there is one [deposition] currently set for Monday.

By order dated October 4, 2016, the single commissioner found Claimant reached maximum medical improvement (MMI) on February 4, 2016. She further found he suffered an eight percent permanent partial disability to his back and awarded future epidural injections for Claimant's back. The single commissioner held Claimant suffered no permanent partial disability to his right arm and was not entitled to further treatment to his arm. She terminated Claimant's temporary total disability (TTD) benefits, awarding Employer a credit for all TTD paid after February 4, 2016.

Despite her previous pre-hearing assurances that she would leave the record open for the two medical expert depositions, the single commissioner ruled:

> Prior to the hearing, [Employer], the moving party in this case, requested the record be held open to depose the Claimant's experts, Drs. Dennis and Forrest. Additionally, Claimant also requested the record be held open to depose Dr. Dennis & Dr. Forrest, their own experts. Both requests are denied and the record is closed as of August 3, 2016.[1]

Before the Appellate Panel, Claimant argued, in pertinent part, that the single commissioner erred in closing the evidentiary record because Claimant had "no reason to assume the [depositions] would not be completed" and he had "an absolute right to rely on their submission." The Appellate Panel disagreed, finding:

> The Claimant's written Pre-hearing Brief was not amended and filed; the Claimant made an oral request at the . . . hearing to leave the record open for testimony of Dr. Forrest and Dr. Dennis by deposition. The

---

[1] The single commissioner's finding is factually incomplete as it fails to note that Employer changed its position at the hearing, declining to proceed with the noticed depositions, and makes no reference to the commissioner's pre-hearing statements that she was granting both parties' requests to leave the record open for the specific purpose of receiving the referenced deposition testimony.

> [Employer] indicated that their desire to proceed with the
> depositions was contingent on whether the Claimant's
> oral request [to leave the record open] was to be granted.
> The request to leave the record open is denied and the
> record is closed as of August 3, 2016. We find [S.C.
> Code Ann.] Reg[.] 67-611 [(Supp. 2018)] is applicable.

Claimant filed a motion to reconsider, arguing the Appellate Panel erroneously relied on Regulation 67-611 as dispositive and misapplied Regulation 67-612, which addresses the exchange and admission of expert reports in contested cases. The Appellate Panel denied Claimant's motion to reconsider.

**Standard of Review**

The Administrative Procedures Act (APA) establishes the standard for our review of Commission decisions. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). "An appellate court has the power upon review to reverse or modify a decision of an administrative agency if the findings and conclusions of the agency are (1) affected by an error of law, (2) clearly erroneous in view of the reliable and substantial evidence on the whole record, or (3) arbitrary or capricious or characterized by abuse of discretion or a clearly unwarranted exercise of discretion." *James v. Anne's Inc.*, 390 S.C. 188, 192, 701 S.E.2d 730, 732 (2010); S.C. Code Ann. §1-23-380(5)(d)-(e) (Supp. 2020).

**Law and Analysis**

Claimant argues the Appellate Panel erred in affirming the single commissioner's order reversing her own decision to leave the record open for the two expert medical depositions where the single commissioner had—on two pre-hearing occasions—stated the record would remain open for this medical testimony. We agree.

"An administrative or quasi judicial body is allowed a wide latitude of procedure and not restricted to the strict rule of evidence adhered to in a judicial court." *Hallums v. Michelin Tire Corp.*, 308 S.C. 498, 504, 419 S.E.2d 235, 239 (Ct. App. 1992) (quoting *Jacoby v. S.C. State Bd. of Naturopathic Exam'rs,* 219 S.C. 66, 90, 64 S.E.2d 138, 149 (1951)). However, "[a]dministrative agencies are required to meet minimum standards of due process. In cases where important decisions turn on questions of fact, due process at least requires an opportunity to present

favorable witnesses." *Smith v. S.C. Dep't of Mental Health*, 329 S.C. 485, 500, 494 S.E.2d 630, 638 (Ct. App. 1997) (citations omitted).

We find the Appellate Panel erred in affirming the single commissioner's decision to close the record as to Dr. Dennis's and Dr. Forrest's depositions after twice stating she would, indeed, leave the record open. As an initial matter, we note the Appellate Panel relied on the incorrect regulation as the basis for its decision affirming the single commissioner because Regulation 67-611 addresses prehearing briefs, not adjournment. *Compare* Reg. 67-611 (providing rules for the filing of a workers' compensation pre-hearing brief), *and* Reg. 67-613 (providing a commissioner may adjourn a hearing "to obtain additional evidence when the evidence is in existence, identified, and necessary for the decision, but unavailable at the time of the hearing"). While the record reflects Claimant failed to timely serve his pre-hearing brief, Regulation 67-611 provides the remedies a single commissioner may impose for such. Exclusion of proper evidence is not an available sanction under Regulation 67-611. *See* Reg. 67-611 ("If an attorney fails to file and serve a Form 58, the Commissioner may postpone the hearing according to Reg. 67-613 or assess against an attorney by written order a fine not to exceed one hundred dollars.").

Moreover, the Appellate Panel committed an error of law when it failed to properly apply Regulation 67-613, which provides, "[a] party may move for adjournment at a hearing . . . [t]o obtain additional evidence when the evidence is in existence, identified, and necessary for the decision, but unavailable at the time of the hearing." Reg. 67-613(C)(1). The granting of such an adjournment "rests in the sound discretion of the hearing commissioner, whose ruling will not be disturbed unless a clear abuse of discretion is shown." *Trotter v. Trane Coil Facility*, 393 S.C. 637, 645, 714 S.E.2d 289, 293 (2011). "Where a party is not prejudiced by the denial of a motion for [an adjournment], reversal is not required." *Id.*

Here, Claimant was prejudiced by the single commissioner's post-hearing denial of the deposition testimony she had—prior to the hearing—twice indicated would be admitted. Claimant reasonably relied on the single commissioner's pre-hearing statements that the record would remain open for the scheduled depositions. Prior to the hearing, the single commissioner's office emailed both parties stating the record would remain open for the two depositions. The single commissioner subsequently stated the record would be closed as of July 22nd—with the specific exception that it would remain open for the two scheduled depositions. When the single commissioner reversed her prior proclamations, Claimant was left with no

meaningful opportunity to place the testimony of Dr. Dennis and Dr. Forrest addressing his medical condition and potential treatment options into the record.

Dr. Forrest and Dr. Dennis were Claimant's latest treating physicians, and their testimony was material to establishing Claimant's medical condition in light of the contested case matters to be addressed, such as whether Claimant had reached MMI with regard to his low back, whether Claimant sustained compensable injuries to his legs, neck, and/or right elbow, and whether he needed further treatment. As these two depositions were the only medical testimony Claimant intended to offer, closing the record prejudiced his ability to present his claim. *See Means v. Gates*, 348 S.C. 161, 171, 558 S.E.2d 921, 926 (Ct. App. 2001) (holding "exclusion of the [expert testimony of a neuropsychologist] was not harmless error as there was no equivalent testimony presented to this effect"). We disagree with Employer's assertion that the admission of Dr. Forrest's questionnaire cured any prejudice to Claimant caused by Employer's withdrawal of its request at the hearing and the single commissioner's reversal of her pre-hearing decision *after* she closed the evidence.

Significantly, we cannot understand how Employer could have been prejudiced by leaving the record open for the depositions *Employer* requested to take and noticed for after the hearing date. Employer is correct in stating Claimant did not list the two remaining medical depositions in his pre-hearing brief; however, this argument ignores the circumstances at play here—Claimant did not notice the depositions as part of his case because Employer had already done so.[2] Employer noticed the depositions, designated them as exhibits in its pre-hearing filings, and asked that the record be held open for the depositions. Claimant joined in Employer's request. However, at the hearing, Employer initially stated it had not decided whether to conduct the depositions and by the end of the hearing, after hearing Claimant's testimony, stated its withdrawal of the request to take the depositions hinged on whether Claimant's concurrent request for the depositions would be granted.

---

[2] Claimant asserts its own listing of the depositions as pre-hearing exhibits would have been improper because Regulation 67-612(D) provides "the non-moving party shall submit only reports not submitted [as exhibits] by the moving party." S.C. Code Regs. 67-612(D). As the consideration of Regulation 612(D) and whether a deposition transcript is a "report" for purposes of the regulation is unnecessary to our resolution of this appeal, we decline to address this argument.

While Employer is correct in stating Claimant could not force it to proceed with and incur the costs of depositions it no longer deemed necessary, such is not Claimant's request. Claimant's assignment of error is with the single commissioner's reversal—after the close of the evidence—of her own pre-hearing statements that the record would remain open for the depositions of Claimant's most recent treating physicians. *See e.g., Morgan v. JPS Automotives*, 321 S.C. 201, 203–04, 467 S.E.2d 457, 459 (Ct. App. 1996) (reversing the denial of adjournment request to leave the record open for consideration of expert's report "in the interest of justice" and explaining where there is a timely request for adjournment to provide additional proof of disability, such "an adjournment causes no prejudice to the employer"); *Brown v. LaFrance Indus.*, 286 S.C. 319, 333 S.E.2d 348 (Ct. App. 1985) (holding that unless employer would be prejudiced thereby, opportunity should be afforded to claimant to reopen case for taking and submission of doctor's deposition in the interests of justice).

We find the single commissioner's closing the record—and thereby restricting Claimant from submitting the testimony of his medical experts—ran afoul of the Workers' Compensation Commission's flexible evidentiary rules. *See Hamilton v. Bob Bennett Ford*, 339 S.C. 68, 70, 528 S.E.2d 667, 668 (2000) (providing "great liberality is exercised in permitting the introduction of evidence in proceedings under [Workers'] Compensation Acts (quoting *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 7 S.E.2d 712 (1940))). The first deposition was scheduled to take place three business days after the hearing and the second just two weeks later. Thus, the single commissioner's decision to close the record, in contradiction of her prior communications to the parties, was a prejudicial abuse of discretion, and the Appellate Panel erred in affirming it. *See Doe v. Batson*, 345 S.C. 316, 322, 548 S.E.2d 854, 857 (2001) (finding respondent should have been permitted to complete discovery depositions when the record did not "support a finding that [respondent] was dilatory in pursuing discovery" and depositions were scheduled for the week following the hearing).

**REVERSED AND REMANDED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**