**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Latoria R. Cooks, Appellant,

v.

Pearlz Vista, Inc., d/b/a Pearlz Oyster Bar, Carolina Ale House Operating Company, LLC, d/b/a Carolina Ale House, and Art Bar, Inc., Respondents.

Appellate Case No. 2018-002026

———————

Appeal From Richland County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-423
Submitted September 1, 2021 – Filed December 1, 2021

———————

**AFFIRMED**

———————

John W. Carrigg, Jr., of Carrigg Law Firm, of Lexington, for Appellant.

Joseph M. McCulloch, Jr., and Kathy R. Schillaci, both of McCulloch and Schillaci, of Columbia, for Respondent Art Bar, Inc.

Roopal S. Ruparelia and Sarah P. Spruill, both of Haynsworth Sinkler Boyd, PA, of Greenville, for Respondent Pearlz Vista, Inc.

Robert Daniel Moseley, Jr. and Megan Marie Early-Soppa, both of Moseley Marcinak Law Group, LLP, of Greenville, for Respondent Carolina Ale House Operating Company, LLC.

---

**PER CURIAM:** Latoria Cooks appeals the circuit court's grant of summary judgment in favor of Pearlz Vista, Inc., Carolina Ale House Operating Company, LLC, and Art Bar, Inc. (collectively, Respondents), arguing the circuit court erred in granting summary judgment to Respondents. We affirm.

1.     We find the circuit court applied the correct standard in granting summary judgment to Respondents because the circuit court determined Cooks failed to "offer a scintilla of evidence to survive summary judgment." *See Callawassie Island Members Club, Inc. v. Dennis*, 429 S.C. 493, 497, 839 S.E.2d 101, 103 (Ct. App. 2019) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the [circuit] court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."), *cert. denied*, Jan. 22, 2021; *id.* ("To withstand a motion for summary judgment in cases applying the preponderance of the evidence burden of proof, the nonmoving party is only required to submit a mere scintilla of evidence.").

2.     Viewing the evidence and all reasonable inferences in the light most favorable to Cooks, we find Cooks failed to present a scintilla of evidence supporting her dram shop claim against Respondents. *See id.* ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("[T]he nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); S.C. Code Ann. § 61-4-580(A) (Supp. 2020) ("No holder of a permit authorizing the sale of beer or wine or a servant, agent, or

employee of the permittee may knowingly commit any of the following acts upon the licensed premises covered by the holder's permit: . . . (2) sell beer or wine to an intoxicated person . . . ."). Here, Cooks provided evidence indicating Emily Brown was intoxicated at the time she collided with Cooks. Cooks did not provide a scintilla of evidence indicating Brown visited one of Respondents' establishments, Respondents knew Brown was intoxicated, or Respondents served Brown alcohol. Importantly, in her amended response to Respondents' requests to admit, Cooks admitted she did not have evidence placing Brown at one of Respondents' establishments on the night in question. Thus, the circuit court did not err in granting summary judgment.

3. Finally, we find Cooks had a full and fair opportunity for discovery. *See Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) ("[S]ummary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery."). The accident occurred almost four years prior to Respondents' filing of their motion for summary judgment. Cooks argues she needed to depose Brown a second time in an attempt to refresh Brown's memory of the night in question. However, Cooks waited until after the motion for summary judgment was filed to subpoena Brown's financial records and file a notice for a second deposition. Additionally, Cooks did not indicate a reasonable likelihood that further discovery would yield relevant evidence to her claim. Thus, Cooks had ample time for discovery. *See CEL Prod., LLC v. Rozelle*, 357 S.C. 125, 131–32, 591 S.E.2d 643, 646 (Ct. App. 2004) (finding approximately twenty-one months between the filing of counterclaims and a motion for summary judgment sufficient time when the ability to sustain a party's counterclaims "hinged upon speculative deposition evidence"); *Baughman*, 306 S.C. at 112, 410 S.E.2d at 543 (considering the "likelihood that further discovery will uncover additional evidence relevant to the issue" as a factor in determining whether a party had a full and fair opportunity for discovery in a medical malpractice action); *id.* at 113, 410 S.E.2d at 544 (stating the reasonable diligence of a party in pursuing discovery is a factor to consider in determining whether a party had a full and fair opportunity for discovery).

In addition, Cooks failed to provide affidavits or other supporting documents demonstrating the existence of a genuine issue for trial or reasons why she needed more time for discovery. *See Doe ex rel. Doe v. Batson*, 345 S.C. 316, 320, 548 S.E.2d 854, 856 (2001) ("Rule 56(e), SCRCP, relied upon by the trial court, requires a party opposing summary judgment to come forward with affidavits or other supporting documents demonstrating the existence of a genuine issue for trial."); Rule 56(e), SCRCP ("When a motion for summary judgment is made . . . ,

an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."); *Batson*, 345 S.C. at 321, 548 S.E.2d at 857 (finding Rule 56(f), SCRCP, "requires the party opposing summary judgment to at least present affidavits explaining why he needs more time for discovery"); Rule 56(f), SCRCP ("Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance . . . .").

**AFFIRMED.**[1]

**HUFF, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.