### 20243

TITLE INSURANCE COMPANY OF MINNESOTA, Appellant, v. Frank L. CHRISTIAN, III, and Christian and Mann, Attorneys at Law, P.A., Respondents.

(226 S. E. (2d) 240)

*J. Reese Daniel, Esq.,* of Columbia, *for Appellant,*

*James L. Mann, II, Esq.,* of Columbia, *for Respondents,*

June 15, 1976.

GREGORY, Justice:

This action was commenced by the service of a summons and complaint on May 22, 1972 wherein the appellant, a title insurance company, sought to recover actual damages against the respondents, attorneys, for failure to exercise reasonable professional skill. The respondents served an answer to the complaint on June 21, 1972 raising three defenses.

The respondents were a professional association of practicing attorneys at law. Respondent Christian, on behalf of the firm, signed an application to the appellant for a binder for a policy of title insurance insuring a mortgage to be given to First Citizens Bank and Trust Company of South Carolina by Town and County Builders, Inc. to secure an Eight Thousand ($8,000.00) Dollar loan to Town and County. The application showed no exceptions or defects in the title. The appellant issued its usual form of Mortgagee's Policy to the bank insuring that the bank's mortgage was a first lien on the real property described therein.

Thereafter, one J. R. Lanier commenced an action to foreclose a mortgage on the same property, with the exception of one lot, and the Lanier mortgage was held to have priority over the bank's mortgage as to seven (7) of the eight (8) lots. The Lanier mortgage was of record prior to the respondents' certificate to the appellant. The appellant subsequently paid the bank Seven Thousand ($7,000.00) Dollars and commenced this action against the respondents for failing to report the Lanier mortgage on the application for the title insurance binder.

The appellant served notice of motion for summary judgment upon the respondents, attaching affidavits in support thereof. Respondents filed no opposing affidavits, relying solely on their answer. The motion was argued before Judge Mason, February 6, 1970 and orally denied.

Thereafter, James L. Mann, II, was substituted as counsel for the respondents and J. Reese Daniel was substituted as counsel for appellant. The respondents moved to make First Citizens Bank and Trust Company (hereinafter referred to as the Bank) a party to the action, and served an affidavit in support of the motion. This motion was argued before Judge Mason on April 10, 1974 and the appellant's motion for summary judgment was re-argued in the light of the additional affidavit supplied by the respondents by substituted counsel. Judge Mason thereupon issued an oral order again denying the appellant's motion for summary judgment on the grounds that the matter presented an issue of fact for jury determination. The motion to add a party was not pursued.

Thereafter, on September 8, 1975 the case came on for trial before the Honorable Legare Bates and a jury. At the conclusion of the appellant's testimony, Judge Bates granted respondents' motion for an involuntary nonsuit.

Notice of intention to appeal was served on September 10, 1975. Appellant's exceptions center around two main issues: the denial of its motions for summary judgment and the granting of respondents' motion for nonsuit.

Appellant alleges that the respondents made no showing of factual issues and the answer, if true, did not constitute a legal defense and that they were, thus, entitled to summary judgment as a matter of law. Our Circuit Court Rule 44, providing for summary judgment, is modeled after Rule 56 of the Federal Rules of Civil Procedure. *Thevenot v. Commercial Travelers Mutual Accident Association of America,* 259 S. C. 235, 191 S. E. (2d) 251 (1972). Rule 44(d) provides that when a motion for summary judgment is made and supported by affidavits, the party opposing the motion (here, respondents) "may not rest upon the mere allegations or denials" of its pleadings. In construing the identical provision of Rule 56 of the Federal Rules of Civil Procedure, the United States Fifth Cir-

cuit Court of Appeals held that "[the] party opposing summary judgment need not come forward in any way if the moving party has not supported his motion to the point of showing that issue is a sham." *Brunswick Corp. v. Vineberg,* 370 F. (2d) 605 (5th Cir. 1967). It is also clear from the Advisory Committee's Notes on the 1963 Amendment to Federal Rule 56 that "where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied, even if no opposing evidentiary matter is presented."

Although respondents offered no affidavits in opposition to appellant's motion, their answer in the first defense alleged knowledge by the insured, First Citizens, of the prior lien and that the prior lien had been given pursuant to instructions by an officer of the Bank. The title insurance policy attached to and made part of the complaint under "Conditions and Stipulations" contains the following pertinent exclusions of liability:

"3 (d) Defects, liens, encumbrances, adverse claims against the title as insured or other matters (1) created, suffered, assumed or agreed to by the Insured claiming loss or damage; or (2) known to the Insured Claimant at the date such Insured Claimant acquired an estate or interest by this policy and not known to the Company or not shown by the public records."

Thus, knowledge of the prior lien by the Bank, such lien allegedly being given pursuant to instructions by a Bank officer, became a material factual issue as it relates to appellant's liability for the Seven Thousand ($7,000.00) Dollars which it paid to the Bank.

Appellant offered nothing in the affidavits in support of its motion for summary judgment to answer factually one way or the other the substantial factual issue thus raised by respondents. The only averment relating to possible defenses available to respondents was in the affidavit by the Title Officer of appellant company to the effect he "investi-

gated to determine whether a defense to said action existed, but could discover none. Although the issue of knowledge of the prior lien by the Bank could have been effectively vitiated by a simple sworn denial by the Bank's vice president in his affidavit submitted in support of appellant's motion for summary judgment, no denial was made. When viewed in the context of the allegations of respondents' answer, denial of knowledge by the Bank of the prior lien seems to have been assiduously avoided in all of appellant's pleadings and moving papers in support of his motion for summary judgment.

The Advisory Committee's Notes on the 1963 Amendment to Federal Rule 56(e) [equivalent to our Circuit Court Rule 44(c)] in adding the caption "Defense Required" to subsection (2) made the following salient comment:

The amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.

Rather than respondents' allegations being "overwhelmingly contradicted by proof available to the other party," they were left hanging unanswered although the knowledge to meet the allegations was peculiarly within appellant's grasp.

It is the duty of the court, on motion for summary judgment, not to try issues of fact, but only to determine whether there are genuine issues to be tried; and once having found that triable issues exist, must leave those issues for determination at trial. *Eagle Construction Company v. Richland Construction Company*, 264 S. C. 71, 212 S. E. (2d) 580 (1975). We cannot say as a matter of law that respondents' defenses, if proven, would not constitute a legal defense. We find raised in them material issues rendering summary judgment inappropriate. Hence,

we find no error on the denial of appellant's several motions for summary judgment.

■ As to the propriety of the trial judge's grant of a nonsuit in respondents' behalf, we agree with appellant's contentions it was improperly granted. The basis of a nonsuit is that there is no evidence to support an alleged cause of action. Circuit Court Rule 76.

Appellant produced a vice president of First Citizens to testify as to disbursement by the Bank of the entire Eight Thousand ($8,000.00) Dollar loan to Town and County. He introduced a ledger sheet from the Bank's books and testified that the entries indicated a loan was processed in the name of Town and County, October 26, 1970 and that the liability of that corporation increased Eight Thousand ($8,000.00) Dollars as a result of this loan. A letter from First Citizen's corporate counsel was introduced without objection in which bank counsel stated there had been disbursement to Town and County by the Bank. The Bank officer who testified regarding the ledger sheets was requested to produce deposit slips or a check showing disbursement by the Bank which he said he would find over the lunch break. He never resumed the stand and the record discloses nothing further about him or the records he was requested to produce.

Appellant's next witness, Mrs. Laura Hulst, office manager and validating officer of appellant title insurance company, testified, apparently to everyone's surprise, that the binder initially applied for by respondents, in force at the time of the alleged disbursement of funds to Town and County's account, had expired before the actual policy was issued. Mrs. Hulst testified that in line with routine procedures the title insurance company notified the Bank and asked for the status of the loan and arrangements were made to send the title policy and bill directly to the Bank.

On the basis of the foregoing testimony, respondents moved for nonsuit on the following grounds: (1) the appel-

lant had no claim against respondents under the full policy as it was issued approximately two months after the expiration of the binder, not at the request nor with consent of the respondents but through appellant's direct negotiations with the Bank; (2) appellant had no recourse under the binder as it insured only actual disbursements by the Bank and appellant had not borne the burden of proof on disbursement. Although the judge does not state his basis for granting nonsuit, we must assume it was on one or both of these grounds.

We do not find the fact that the binder expired before issuance of the policy determinative of appellant's cause of action. Appellant alleged in its complaint that the policy was issued in reliance on the respondents' certification on the binder application. This allegation was admitted in the answer. The policy itself stated it was issued in reliance on the attorney's certification. There was testimony regarding appellant's usual business practices where no application for a full policy timely follows the issuance of an interim binder. In essence, a review of the record discloses there was sufficient evidence to submit to the jury for determination the question of whether or not the policy was issued in reliance on the certification on the binder application.

As to the second ground alleging appellant had not borne the burden of proof regarding disbursement by the Bank to Town and County of the insured loan, we find there was, again, sufficient evidence to make this a factual issue for determination by the jury.

We find the trial judge erred in granting respondents' motion for an involuntary nonsuit and remand the case for a new trial.

At the trial's end, respondents moved to amend their pleadings to conform with the proof presented at trial regarding expiration of the binder prior to issuance of the

policy. We find no error in the trial judge's granting this motion in view of our remand.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.