## 23499

James Thomas YARBOROUGH, Sr., Appellant v. John I. ROGERS, III,
Respondent.

(411 S.E. (2d) 424)

Supreme Court

*Frederick K. Jones,* Hartsville, *for appellant.*

*Brown W. Johnson,* Florence, *for respondent.*

Heard April 3, 1991.

Decided Oct. 28, 1991.

GREGORY, Chief Justice:

This is a legal malpractice action in which the trial judge granted respondent Rogers summary judgment. We reverse.

Appellant Yarborough argues summary judgment was improperly granted on the issue of Rogers' negligence. Yarborough's complaint alleges he retained Rogers to represent him in his 1983 divorce action and that at the family court hearing held on March 28 and 29, 1983, Rogers negligently represented him by failing to call Yarborough as a witness or present evidence on his behalf, by failing to accurately prepare his financial declaration, and by failing to negotiate with opposing counsel. Yarborough alleged Rogers' poor preparation and representation proximately caused damages to his person, business, and reputation.

Rogers moved for summary judgment and submitted two affidavits to support his motion. The first is his affidavit stating he represented Yarborough in the 1983 divorce action and in a subsequent action in 1985 wherein he succeeded in having Yarborough's alimony reduced. He also represented Yarborough in two other matters. Rogers states, "During all of this time and during all of these proceedings [Yarborough] continued to be most appreciative and frequently expressed

his high regard for my assistance in all of these matters."

Rogers' second affidavit is by a family court judge stating that at the 1985 hearing on the reduction in alimony, Rogers "made a strong showing of changed condition" and as a result alimony was reduced. He further states Yarborough praised and thanked Rogers for his work.

Based on Rogers' affidavits, the trial judge ruled he was entitled to judgment as a matter of law. We disagree. None of the facts alleged in Rogers' affidavits, even if true, supports the conclusion he was entitled to judgment as a matter of law. The fact that Rogers succeeded in a 1985 action on Yarborough's behalf or that Yarborough appreciated his work is irrelevant to the issue of Rogers' negligence at the 1983 divorce hearing.

Rogers contends, however, that Yarborough failed to raise any factual issue regarding negligence in opposition to the motion for summary judgment and therefore Rogers is entitled to prevail. Rule 56(e), SCRCP, provides that an adverse party may not rest upon the mere allegations or denials of his pleadings to withstand summary judgment but must set forth specific facts showing there is a genuine issue for trial. As we have recently held, however, a moving party who fails to show the absence of a genuine issue of material fact is not entitled to summary judgment even though his adversary does not come forward with opposing materials. *Standard Fire Insurance Co. v. Marine Contracting and Towing Co.*, 301 S.C. 418, 392 S.E. (2d) 460 (1990). The party opposing summary judgment need not come forward in any way if the moving party has not supported his motion to the point of showing the issue is a sham. *Title Insurance Co. v. Christian*, 267 S.C. 71, 226 S.E. (2d) 240 (1976). Accordingly, under the facts presented we find Rogers is not entitled to summary judgment. The judgment of the circuit court is

Reversed.

HARWELL, FINNEY and TOAL, JJ., and ALEXANDER M. SANDERS, JR., Acting Associate Justice, concur.