591 S.E.2d 643

**CEL PRODUCTS, LLC, Respondent,**

v.

**Margaret F. ROZELLE, Appellant.**

**No. 3723.**

Court of Appeals of South Carolina.

Submitted Oct. 6, 2003.

Decided Jan. 12, 2004.

126

Chalmers C. Johnson, of Charleston, for appellant.

Sean K. Trundy, of Charleston, for respondent.

BEATTY, J.:

CEL Products, LLC ("CEL") filed a complaint against Margaret Rozelle ("Rozelle") alleging numerous actions. Rozelle counterclaimed. Rozelle appeals the trial judge's order granting summary judgment on Rozelle's counterclaims. We affirm.

## FACTS

CEL purchased a business from William and Joanna White ("the Whites"). After taking over the business, CEL kept Rozelle, who had worked for the Whites, as an at-will employee. CEL later became dissatisfied with Rozelle and fired her. CEL eventually brought suit against the Whites, claiming fraud in the sale of the business. The circuit court ordered the Whites' accounts receivable to be held in escrow. According to CEL, Rozelle then induced several customers owing

those accounts receivable to make payments into a non-escrow account.

On October 27, 2000, CEL filed a complaint against Rozelle alleging civil contempt, tortious interference with contract, conspiracy, and unfair trade practices. In February 2001, Rozelle answered and counterclaimed, claiming abuse of process, libel and slander, and intentional infliction of emotional distress. She also alleged that CEL's suit was frivolous under S.C.Code Ann. §§ 15–36–10 to –50 (Supp.2000), the Frivolous Proceedings Sanctions Act. Rozelle served interrogatories, requests for admission, and requests for production on CEL, at the same time as her answer. CEL failed to respond, and Rozelle moved to compel in June 2001. The trial court granted Rozelle's motion to compel on December 6, 2001. Around that time, CEL moved for a voluntary dismissal of its action against Rozelle and for summary judgment on Rozelle's counterclaims. CEL submitted responses to Rozelle's interrogatories and requests for production on December 17, 2001.

In March and April 2002, Rozelle attempted to depose Charles Lee, but the parties failed to reach an agreement on scheduling so the deposition did not take place. Rozelle filed a new motion to compel the deposition on April 14. In July of 2003, the trial judge held a hearing to entertain the various motions. The judge first granted CEL's motion for voluntary dismissal of CEL's actions. Then, the judge granted CEL's motion for summary judgment as to Rozelle's counterclaims. The trial judge did not rule on Rozelle's motion to compel.

## ISSUES

(1) Did the trial court err in granting summary judgment since Rozelle claims not to have had a full and fair opportunity to conduct discovery?

(2) Did the trial court err in hearing the motion to dismiss before hearing the motion to compel discovery?

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law. Rule 56(c),

SCRCP. However, summary judgment is improper if the parties dispute the inferences to be drawn from the facts even if the facts themselves are not in dispute. *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). "In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party." *Osborne ex rel. Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).

## LAW/ANALYSIS

Rozelle argues the trial judge erred in granting CEL's motion for summary judgment on her counterclaims because she had not been afforded a "full and fair opportunity" to complete discovery. Rozelle further argues the trial judge should have conducted a hearing on her motion to compel a deposition before granting the motion for summary judgment. We disagree.

"The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Carolina Alliance for Fair Employment v. S.C. Dept. of Labor, Licensing, and Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 800 (Ct.App.1999).

██ The hearing on CEL's motion for summary judgment occurred seventeen months after Rozelle filed her answer and counterclaims.[1] Rozelle did not attempt to schedule a deposition until thirteen months after filing her counterclaims.

---

1. While we affirm the trial court's ruling, the procedural history of this case raises a concern. The record makes very clear that CEL did not cooperate with Rozelle's discovery requests. Rozelle served interrogatories, requests to admit, and requests for production upon CEL in February 2001, but CEL did not respond. Rozelle then filed a motion to compel in June 2001. CEL did not complete this discovery until December 2001, when the trial judge issued an order compelling it to respond. In failing to respond to Rozelle's discovery for approximately ten months including six months after Rozelle filed the motion to compel CEL significantly delayed the resolution of this case. We do not condone such dilatory tactics.

More importantly, Rozelle did not present an affidavit in response to CEL's motion for summary judgment. As a result, the trial judge had only Rozelle's pleadings and CEL's affidavits before him. Therefore, he did not err in granting the motion for summary judgment. *See Humana Hosp.-Bayside v. Lightle*, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991) ("Where a plaintiff relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required, under Rule 56, to grant summary judgment, if, under the facts presented by the defendant, he was entitled to judgment as a matter of law.").

 Nor was it error for the trial judge to grant CEL's motion for summary judgment before conducting a hearing on Rozelle's motion to compel discovery. The manner in which a trial is conducted is within the trial judge's discretion. *See, e.g., Baber v. Greenville County*, 327 S.C. 31, 41, 488 S.E.2d 314, 319 (1997) (holding that the conduct of a trial is largely within the trial judge's sound discretion, the exercise of which will not be disturbed on appeal absent an abuse of that discretion or the commission of a legal error that results in prejudice for appellant). Had the trial judge granted CEL's summary judgment motion prior to considering the prejudice to Rozell caused by the inability to depose Lee, the trial judge would have failed to exercise discretion. A failure to exercise discretion amounts to an abuse of that discretion. *Samples v. Mitchell*, 329 S.C. 105, 112, 495 S.E.2d 213, 216 (Ct.App.1997). When a trial judge is vested with discretion but his ruling reveals no discretion was in fact exercised, an error of law has occurred. *Balloon Plantation, Inc. v. Head Balloons, Inc.*, 303 S.C. 152, 155, 399 S.E.2d 439, 441 (1990).

In the instant case it is clear from the record that the trial court exercised discretion. The following colloquy took place:

THE COURT: Where is the affidavit that is submitted in response to his motion for summary judgment?

MS. TRAVAGLIO: We have not submitted any affidavits in response to his motion.

THE COURT: How do I make a determination then that there is an issue of fact in this case? Based on what? What do I have? . . .

THE COURT: My question is when you file a lawsuit, surely you aren't filing a lawsuit thinking, I think I have a cause of action.

THE COURT: You have a cause of action and it's based on something that you have.

MS. TRAVAGLIO: Yes, Your Honor.

THE COURT: Now, you strengthen that through discovery, but you don't create your cause of action by taking depositions.

■ Rozelle's response to CEL's summary judgment motion and affidavits was a request for a continuance to depose Lee, but Rozelle failed to demonstrate that further discovery would be beneficial. *See Dawkins v. Fields,* 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (stating "non moving party to summary judgment motion must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is not merely engaged in a fishing expedition").

This court is cognizant of the Supreme Court's decision in *Lanham v. Blue Cross,* 349 S.C. 356, 563 S.E.2d 331 (2002). In *Lanham,* the court found that the trial court erred in ruling on the summary judgment motion without first ruling on Lanham's motion to produce and motion to compel. However, the instant case is distinguishable from *Lanham.* In *Lanham,* the information sought in discovery was necessary to respond to a material claim by Blue Cross *and* the information was in the sole possession of Blue Cross. That is not the case here. Rozelle's counterclaims were centered on alleged statements made by, and to, CEL's owner, Lee. CEL had disclosed what those statements were, who made them and to whom they were made. Rozelle failed to offer anything that contradicted this. Deposing Lee would have yielded very little, if any, additional relevant evidence. As the instant case was approximately twenty-one months old when CEL filed its motion for summary judgment, Rozelle's ability to sustain her counterclaims should not have hinged upon speculative deposition evidence. As such, summary judgment was warranted to avoid prolonging litigation based upon a mere possibility that Rozelle might obtain some helpful information from a deposition.

"The gist and gravamen of the discovery rules mandate full and fair disclosure to prevent a trial from becoming a guessing game or one of ambush for either party." *Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 652, 579 S.E.2d 151, 158 (Ct.App.2003). "The rights of discovery provided by the Rules give the trial lawyer the means to be prepared for trial. Where these rights are not accorded, prejudice must be presumed and, unless the party who has failed to submit to discovery can show a lack of prejudice, reversal is required." *Downey v. Dixon* 294 S.C. 42, 46, 362 S.E.2d 317, 319 (Ct.App. 1987). Here, CEL showed and the record indicates that Rozelle suffered no prejudice.

## CONCLUSION

Based upon the foregoing, the trial court's order is **AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.