THE STATE OF SOUTH 
 CAROLINA
 In The Court of 
 Appeals
 
 
 
 
 
 Ella R. Hall,       
 Appellant,
 
 
 
 
 v.
 
 
 
 
 Anne Middleton Bell, Esquire,       
 Respondent.
 
 
 
 
 
 Appeal From Sumter 
 County
 L. Henry McKellar, 
 Circuit Court Judge
 
 Unpublished Opinion 
 No. 2004-UP-008
 Submitted October 6, 2003  Filed January 14, 2004
 
 AFFIRMED
 
 
 
 
 
 Ella R. Hall, of Hartsville, Pro 
 Se.
 William C. Cleveland, 
 of Charleston, for Respondent.
 
 
 
 
 
 PER CURIAM:  Ella 
 R. Hall appeals from the circuit courts grant of summary judgment to defendant 
 Anne M. Bell.  We affirm. [1] 
 FACTS
 The chief complaint in this case 
 centers upon Halls allegation that Bell committed legal malpractice in failing 
 to file an action against Halls former employer Commander Nursing Home (Commander).  
 Hall became the subject of an investigation by the South Carolina Board of 
 Nursing (the Board) when Commander notified the Board that it suspected 
 Hall of diverting the drug Phenergan from the home. 
 Hall hired Bell to represent 
 her in August 1997.  Bell admits Hall spoke with her about filing an action 
 against Commander as well as defending Hall in front of the Board.  However, 
 Bell maintains she informed Hall they should concentrate on the case before 
 the Board first, as a determination by the Board that Hall did divert drugs 
 from the home would render a subsequent suit against Commander as moot.  At 
 no point did Bell agree to bring a suit against Commander on Halls behalf.  
 Hall does not dispute Bell provided such advice.  
 Subsequently, Hall became dissatisfied 
 with Bells representation.  After seeking other representation Hall terminated 
 Bells employment in March 1998.  The Board subsequently dismissed the investigation 
 into the Phenergan incident at Commander in Halls favor.  
 After the Boards investigation 
 was dismissed, Hall filed suit against Bell alleging three causes of action 
 and requesting $5.5 million dollars in damages. 
 [2]   Hall later amended her complaint alleging two additional causes 
 of action.  
 Bell moved for summary judgment 
 arguing the scope of her employment involved only representing Hall in front 
 of the Board.  Additionally, Bell argued, even if a genuine issue of fact 
 existed, at the time of Halls termination of her employment the statute of 
 limitations had not elapsed and Hall had retained other counsel.  
 The circuit court agreed and 
 granted summary judgment in favor of Bell.  Hall now appeals.
 STANDARD OF REVIEW
 Summary judgment is proper when 
 there is no genuine issue as to any material fact and the moving party is 
 entitled to a judgment as a matter of law.  Rule 56(c), SCRCP; South Carolina 
 Prop. and Cas. Guar. Assoc. v. Yensen, 345 S.C. 512, 518, 548 S.E.2d 880, 
 883 (Ct.App. 2001).  To determine whether any material facts exist, the evidence 
 and all inferences, which can be reasonably drawn therefrom, must be viewed 
 in the light most favorable to the nonmoving party.  Id.  Summary judgment 
 is not appropriate where further inquiry into the facts of the case is desirable 
 to clarify the application of the law.  Id.  An appellate court reviews 
 the granting of summary judgment under the same standard applied by the trial 
 court.  Id.  
 LAW/ANALYSIS
 Hall appeals from the circuit courts grant of summary 
 judgment and alleges thirteen instances of error in the trial judges ruling. 
 The allegations of error will be grouped into two categories:  1) whether 
 there are procedural irregularities in circuit courts granting Bells summary 
 judgment motion; and 2) the circuit court erred in granting summary judgment 
 as there were genuine issues of material fact.
 I.                 
 Procedural Irregularities 
 
 Hall asserts there were procedural irregularities 
 with regard to the circuit courts granting of summary judgment.  We will 
 address each issue individually.
 Hall first argues error because 
 the judge failed to read the case file before conducting the hearing.  The 
 record reveals the circuit court was familiar with the case and was able to 
 conduct a hearing on the matter.  It is further apparent that any deficiency 
 in knowledge of the facts of the case Hall may have observed at the hearing 
 was cured by the circuit courts well-reasoned order granting summary judgment.
 Second, Hall argues the circuit 
 court erred in granting Bells motion for summary judgment, although Bell 
 had not yet filed her answer to the supplemental complaint.  Hall filed a 
 supplemental complaint alleging two additional causes of action on May 23, 
 2001.  Bell received the complaint on May 25, 2001.  The summary judgment 
 motion was heard on May 30, 2001.  The circuit court granted summary judgment 
 on the following day.  Although nothing in the record reflects Hall had permission 
 to amend her complaint, it is apparent from the order granting summary judgment 
 the circuit court considered the supplemental complaint and viewed it as alleging 
 two additional causes of action arising out of the same set of facts as the 
 previous complaint. 
 Third, Hall again argues the 
 circuit court judge failed to read the filings before reaching its decision.  
 The circuit courts order states it reviewed the initial complaint, the supplemental 
 complaint, and Bells answer.  Hall does not specify what matters are present 
 in those filings that would warrant reversal of the circuit court.  Furthermore, 
 Hall may not rest on the allegations in her pleadings to create a cause of 
 action where those allegations are controverted by affidavits submitted by 
 Bell.  Yarborough v. Rogers, 306 S.C. 260, 261, 411 S.E.2d 424 (1991).
 Halls fourth argument rests 
 upon the theory that the circuit court should not have viewed the supplemental 
 complaint as amendments to the complaint.  The circuit courts order states:  
 Although the newly filed Complaint does not purport to amend the original 
 complaint, the Court will liberally view the pleading as an amendment that 
 adds two causes of action to the original complaint.  By considering the 
 causes of actions from the original and supplemental complaints the circuit 
 court benefited Hall by searching the complaints to find a basis on which 
 to support her suit.  The circuit court did not err in considering both the 
 original and supplemental complaint.
 Halls fifth argument is that 
 Bell made numerous false and ambiguous statements in her submissions to the 
 court.  Hall further alleges that Bell concealed evidence.  Even if we accept 
 Halls interpretations of Bells submissions, it does not undermine the basis 
 of the circuit courts order on two essential facts: 1) that Bell did not 
 agree to sue Commander on Halls behalf; and 2) Hall retained other counsel 
 prior to the running of any statute of limitations on any viable claim.  
 Absent Halls ability to show 
 that Bell agreed to sue Commander but failed to do so before the statute of 
 limitations expired she cannot maintain her action against Bell.  We find 
 no procedural irregularity on the circuit courts behalf.
 II.              
 Genuine Issues of Material Fact 
 
 Hall first alleges there were 
 material issues of fact whether Bells scope of representation was limited 
 to representation before the Board.  We disagree.
 It is clear from the record the 
 circuit court was correct in concluding no issue of material fact existed 
 over whether the scope of representation included Halls suit against Commander.  
 First, at the outset of Bells representation she had Hall prepare a summary 
 of facts of her case.  Although the summary does contain a reference to [j1]  Halls desire to sue Commander, there is nothing 
 in the record to deduce that Bell agreed to represent Hall in the matter.  
 
 Second, the record demonstrates 
 that Bell only agreed to represent Hall during the Boards investigation.  
 Bell asserts, and is uncontradicted by the record, she informed Hall that 
 suing Commander before obtaining a favorable ruling before the Board was not 
 effective, as a negative ruling by the Board would render any subsequent suit 
 moot.  Such statements make clear that Bells representation extended only 
 to the Board investigation, at least until the conclusion of the case before 
 the Board.
 Third, Halls own affidavit fails 
 to reveal testimony that Bells scope of representation extended beyond the 
 Board.  Additionally, Halls own letter to Bell terminating her services states 
 as one reason for her action Bells lack of encouragement/support [for her] 
 desire to file suit against Commander.
 Next, Hall asserts the Boards 
 dismissal of Halls case is clear evidence that Bells Board of Nursing 
 case was fictitious, misleading, unfounded, and meritless ... [such that] 
 Halls time and money were spent in Bells pursuit of a case not in existence, 
 while Halls lawsuit did not receive its proper attention.  It is clear from 
 the record that the case before the Board regarding the misappropriation of 
 the Phenergan existed.  Finally, the Boards investigation against Hall ended 
 favorably for Hall.
 Fourth, Hall asserts Bell was incompetent because 
 she allowed the statute of limitations to expire before filing a suit against 
 Commander.  Hall retained counsel to represent her before the statute of limitations 
 expired with the only possible exception being applicable to a claim of racial 
 discrimination.  Hall had 300 days to file a claim with the EEOC to allege 
 racial discrimination in employment.  See Tinsley v. First Union 
 Natl Bank, 155 F.3d 435, 440 (4th Cir. 1998).  Accepting Halls 
 version of events, the statute of limitations began on July 30, 1997.  Bell 
 was terminated by Hall and replaced by new counsel on March 12, 1998.  Therefore 
 225 days elapsed; the statute of limitations had not expired by the time Hall 
 retained new counsel.  Although South Carolina courts have not addressed this 
 issue, other jurisdictions have held an attorney cannot be held liable for 
 failing to file an action prior to the expiration of the statute of limitations 
 if he ceased to represent the client and was replaced by other counsel before 
 the statute ran of the clients action.  Knight v. Myers, 748 P.2d 
 896, 902 (Kan. 1998); see also Steketee v. Lintz, 694 
 P.2d 1153, 1159 (Cal. 1985); Harvey v. MacKay, 440 N.E.2d 1022, 1026 
 (Ill. 1982).  Accordingly, Bell is not liable for failing to file an action 
 where she was replaced by another attorney before the statute of limitations 
 expired.  
 Finally, Hall asserts the court 
 erred in granting summary judgment, as there were material issues of fact 
 whether Bell violated the statute of fraud provisions.  As this issue was 
 neither raised to nor ruled upon by the trial court it is not preserved for 
 our review.  See South Carolina Dept of Social Servs. v. Father 
 and Mother, 294 S.C. 518, 524, 366 S.E.2d 40, 43 fn. 22 (Ct.App. 1988) 
 (issue which was not raised below cannot be considered on appeal).  
 Even if this issue was preserved, 
 Halls argument is meritless.  The failure to follow the statute of frauds 
 does not create a cause of action in tort.  Instead, it provides that for 
 certain types of agreements to be enforceable under contract law they must 
 be in writing.  See, e.g., Young v. Indep. Pub. Co., 
 273 S.C. 107, 110, 254 S.E.2d 681, 682 (1979).
 CONCLUSION
 The scope of Bells legal representation was limited to the Boards 
 investigation.  Although Hall expressed interest in suing Commander, no evidence 
 was presented proving Bell agreed to bring said suit.  Additionally, Bell 
 did not suffer legal harm as she retained alternate counsel within the statute 
 of limitations. Therefore the trial court did not err in granting summary 
 judgment.  
 AFFIRMED.
 GOOLSBY, HUFF and BEATTY, JJ., concur.

 
 [1] Because oral argument would not aid the Court 
 in resolving any issue on appeal, we decide this case without oral argument 
 pursuant to Rule 215 SCACR.

 
 [2] Hall is also suing two lawyers in Sumter County because they 
 would not file a civil suit on her behalf.