THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Louise Wellington, as GAL for Johnny Lee Sanders,       
Appellant,
 
 
 

v.

 
 
 
Roberta Floyd, individually, and as Administrator of Manor House of Olanta 
 and Manor House of Olanta,        Respondent.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-575
Submitted October 1, 2004  Filed November 
 16, 2004 

REVERSED AND REMANDED

 
 
 
Ralph J. Wilson, of Conway, for Appellant.
Thomas H. Milligan, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM: Louise Wellington, Guardian 
 Ad Litem for Johnny Lee Sanders, appeals the circuit courts order granting 
 Respondents motion for summary judgment on Sanders action for breach of duty 
 of care.  We reverse and remand. [1] 
 FACTS
 In 1987, an injury to Sanders head rendered 
 him incapable of living independently.  Sanders also suffered from seizures 
 as a result of the injury and had to take several medications daily to control 
 the seizures.  In 2000, Sanders became a resident of Manor House of Olanta, 
 a residential care facility in Olanta, South Carolina.  In the contract between 
 the parties, Manor House agreed to provide Sanders with certain services, 
 mainly room and board, laundry, and the supervision and administration of 
 medications, although upon admission into the facility Sanders doctor 
 declared him capable of self administration of medications.  The contract 
 also provided that Sanders could come and go as he please[d].  
 Sanders left the premises of the residential 
 care facility on April 11, 2001.  Upon leaving the facility, he was arrested 
 for trespassing and spent more than two weeks in the Effingham Jail in the 
 custody of the Florence County Sheriffs Department, until he was released 
 to the care of his sister.  Manor House did not know of Sanders whereabouts 
 during the two-week period and did not attempt to find Sanders or notify his 
 family members of his absence.  Three days after being released to his sisters 
 care, Sanders suffered seizures.
 As an assisted living facility, Manor House of Olanta 
 is licensed under the South Carolina Department of Health and Environmental 
 Controls Regulations.  25A S.C.Code Ann.Regs. 61-84 (Supp. 2000).  The regulations 
 require a facility to immediately report residents who have left the facility 
 under circumstances that raise concern about the residents safety to any 
 agency providing services to the resident, next of kin, and local law enforcement.  
 Id. at § 404 (c).    
 Sanders brought an action against Roberta Floyd, 
 individually and as Administrator of Manor House of Olanta, and Manor House 
 of Olanta (Respondents) for breach of duty of care, arguing that the regulations 
 create a duty of care for a negligence per se action.  Respondents 
 filed a Motion for Summary Judgment with a Memorandum in support of the Motion, 
 arguing that the licensing regulations do not provide Sanders with a cause 
 of action, and the obligations of the parties are governed merely by the contract 
 between them.  
 The Clerk of Court notified the parties that 
 a hearing would be held on August 29, 2002.  Respondents counsel also notified 
 Sanders counsel about the hearing in two letters, dated August 1, 2002 and 
 August 9, 2002.  The second letter specifically requested that any discovery 
 be completed prior to the hearing and offered to accommodate [counsel] in 
 any way to have any discovery accomplished prior to the hearing.  After a 
 request for continuance by Sanders counsel, the hearing was rescheduled for 
 October 23, 2002.  
 The Clerk of Court sent notification of the new 
 hearing date to the parties on October 2, 2002.  Sanders filed a Memorandum 
 in Opposition to the Motion for Summary Judgment on October 8, 2002, which 
 did not include any affidavits or supporting testimony.  Sanders did not send 
 a copy of the memorandum to Respondent.  Sanders counsel also did not appear 
 at the October 23rd hearing.  The judge held that Respondent owed no duty 
 to the plaintiff and therefore did not breach any standard of care to the 
 plaintiff.
 Sanders filed a Motion for Reconsideration on 
 November 7, 2002, accompanied by a Memorandum in Support of Motion for Reconsideration.  
 The judge denied the Motion for Reconsideration based on the different standards 
 of care that are applicable and the evidence considered and arguments made 
 at the previous hearing.  Louise Wellington, as Sanders Guardian 
 Ad Litem, now appeals.
 LAW/ANALYSIS
 I.         
 Notice
 Sanders maintains the circuit court erred in 
 finding proper notice had been given to him pursuant to Rules 5 and 6, SCRCP, 
 in regards to the October 23, 2002 hearing.  We disagree.
 Rules 5 and 6 of the South Carolina Rules of 
 Civil Procedure provide that for every written motion, notice of the hearing 
 must be served upon each of the parties through their attorney, if there 
 is one, by delivering a copy to him or by mailing it to him at his last 
 known address.  Rule 5(a) and (b)(1), SCRCP.  
 The Clerk of Court properly notified Sanders, 
 by mailing notice of the hearing to the most recent address on record for 
 Sanders counsel.  Thus, service was proper.
 II.        
 Summary Judgment
 Sanders argues the circuit court erred in granting 
 summary judgment when discovery had not yet been completed.  We disagree.
 [S]ummary judgment must not be granted until 
 the opposing party has had a full and fair opportunity to complete discovery.  
 Baughman v. American Tel. & Tel., Co., 306 S.C. 101, 112, 410 
 S.E.2d 537, 543 (1991).  Summary judgment also should not be granted if 
 a party can demonstrate that further discovery will uncover additional evidence 
 relevant to the issue and that they are not merely engaged on a fishing 
 expedition.  Id. at 112, 410 S.E.2d at 544.  Sanders neither requested 
 additional time from the court for discovery, nor proved that any extra 
 time would be beneficial to resolving the summary judgment motion.  In addition, 
 opposing counsel sent correspondence volunteering to help with any discovery 
 that needed to be completed before the hearing.  Therefore, Sanders had 
 a full and fair opportunity to complete discovery.
 Sanders also claims the circuit court erred 
 in granting summary judgment because, viewing the evidence in the light 
 most favorable to Sanders, material issues of fact exist regarding whether 
 Floyd or Manor House breached a duty of care to Sanders or proximately caused 
 Sanders injuries.  We agree.
 On appeal of a grant of a summary judgment, 
 we apply the same standard that governs the trial court under Rule 56(c), 
 SCRCP:  summary judgment is proper when there is no genuine issue as to 
 any material fact and the moving party is entitled to judgment as a matter 
 of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 
 (2002).  In determining whether an issue of fact exists, the evidence and 
 all inferences that can reasonably be drawn therefrom must be viewed in 
 the light most favorable to the nonmoving party.  Faile v. South Carolina 
 Dept of Juvenile Justice, 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002).  
 Summary judgment is not appropriate where further inquiry into the facts 
 of the case is desirable to clarify the application of the law.  Vermeer 
 Carolinas, Inc. v. Wood/Chuck Chipper Corp., 336 S.C. 53, 59, 518 S.E.2d 
 301, 306 (Ct. App. 1999).  Even when there is no dispute as to evidentiary 
 facts, but only as to the conclusions or inferences to be drawn from them, 
 summary judgment should be denied.  Hall v. Fedor, 349 S.C. 169, 
 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002).  Moreover, [s]ummary judgment 
 is a drastic remedy, which should be cautiously invoked so that no person 
 will be improperly deprived of a trial of the disputed factual issues.  
 Lanham v. Blue Cross and Blue Shield of South Carolina, Inc., 349 
 S.C. 356, 363, 563 S.E.2d 331, 336 (2002).
 Rule 56(e), SCRCP, states that a party opposing 
 a motion for summary judgment may not rest upon the mere allegations or 
 denials of his pleading.  The party must submit affidavits or the like, 
 which set forth specific facts showing that there is a genuine issue for 
 trial.  If he does not so respond, summary judgment, if appropriate, shall 
 be entered against him.  Rule 56(e), SCRCP.
 In CEL Products, LLC v. Rozelle, this 
 court held an employer was entitled to summary judgment as to a former employees 
 claims because the former employee merely relied on his pleadings and did 
 not present opposing affidavits.  357 S.C. 125, 130, 591 S.E.2d 643, 645 
 (Ct. App. 2004).  When a plaintiff is faced with a defendants motion for 
 summary judgment that is supported by evidence, the plaintiff cannot defeat 
 the motion by relying upon the mere allegations of his complaint, but must 
 disclose the facts he intends to rely on by affidavit or other proof.  Dyer 
 v. Moss, 284 S.C. 208, 211, 325 S.E.2d 69, 70 (Ct. App. 1995).  A conclusory 
 statement as to the ultimate issue in a case is not sufficient to create 
 a genuine issue of fact for purposes of resisting summary judgment.  Shupe 
 v. Settle, 315 S.C. 510, 516-517, 445 S.E.2d 651, 655 (Ct. App. 1994).  
 
 However, [the] party opposing summary judgment 
 need not come forward in any way if the moving party has not supported his 
 motion to the point that it is a sham.  Title Ins. Co. of Minnesota 
 v. Christian, 267 S.C. 71, 76, 226 S.E.2d 240, 242 (1976) (quoting Brunswick 
 Corp. v. Vineberg, 370 F.2d 605, 612 (5th Cir. 1967)).  Where the 
 evidentiary matter in support of the motion does not establish the absence 
 of a genuine issue, summary judgment must be denied, even if no opposing 
 evidentiary matter is presented.  Id. (quoting Fed. R. Civ. P. 
 56).  The party moving for summary judgment carries the initial burden of 
 showing an absence of evidentiary support for the nonmoving partys case.  
 NationsBank v. Scott Farm, 320 S.C. 299, 303, 465 S.E.2d 98, 100 
 (Ct. App. 1995).
 Although Sanders did not 
 offer any affidavits in opposition to Respondents motion, Respondents 
 evidentiary showing as to the issue of negligence fails to establish the 
 absence of a genuine issue.  Respondent maintains its contract with Sanders 
 provided that he was free to come and go as he pleased and submitted a 
 sworn affidavit prepared by Roberta Floyd denying she or Manor House had 
 a duty of care.  However, section 404 (c) of the South Carolina Code Regulations 
 61-84 (Supp. 2000) states:

 In cases where a resident 
 leaves the facility under circumstances which raise concerns about his/her 
 safety, the following must be contacted immediately: next of kin or responsible 
 person, sponsoring agency or any other agency providing services to the 
 client and local law enforcement.

 25A S.C.Code Ann.Regs. 61-84 
 (Supp. 2000).
 Whether Sanders left the 
 facility under circumstances that should have raised concern about his safety 
 is a genuine issue of material fact, therefore, the motion for summary judgment 
 should have been denied.  
 REVERSED AND REMANDED.
 STILWELL, BEATTY, and SHORT, JJ., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.