**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cambridge Lakes Homeowners Association, Respondent,

v.

Johnson Koola, Appellant.

Appellate Case No. 2013-001632

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-391
Submitted March 1, 2015 – Filed August 5, 2015

---

**AFFIRMED**

---

Johnson Koola, of Mount Pleasant, pro se.

Eugene P. Corrigan, III, of Corrigan & Chandler, LLC, and Lydia Pruitt Brooks, of Krawcheck & Davidson, both of Charleston, for Respondent.

---

**PER CURIAM:** Johnson Koola appeals the circuit court's order granting summary judgment in favor of Cambridge Lakes Homeowners Association (Cambridge Lakes), arguing the circuit court erred in granting summary judgment because (1) the parties had not yet performed discovery and the circuit court had

not acted on Koola's motion to compel and (2) Koola showed there were triable issues of fact. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in granting summary judgment before the parties completed discovery and without acting on Koola's motion to compel: *CEL Prods., LLC v. Rozelle*, 357 S.C. 125, 129, 591 S.E.2d 643, 645 (Ct. App. 2004) ("The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."); *id.* at 130, 591 S.E.2d at 645 ("The manner in which a trial is conducted is within the [circuit court's] discretion. "); *id.* at 131, 591 S.E.2d at 646 (finding summary judgment was appropriate to avoid prolonging litigation based on the mere possibility that the party "might obtain some helpful information"); *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a fishing expedition.'").

2. As to whether the circuit court erred in granting summary judgment: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("Rule 56(c) of the South Carolina Rules of Civil Procedure provides that a [circuit] court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP." (citations and internal quotation marks omitted)); *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886-87 (2006) ("A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff. . . . However, a civil conspiracy cannot exist when the alleged acts arise in the context of a principal-agent relationship because by virtue of the relationship such acts do not involve separate entities." (citations and internal quotation marks omitted)); *id.* at 564, 626 S.E.2d at 887 (providing "a corporation cannot conspire with itself"); *Fisher v. Shipyard Vill. Council of Co-Owners, Inc.*, 409 S.C. 164, 180, 760 S.E.2d 121, 129-30 (Ct. App. 2014) ("In a

dispute between the directors of a homeowners association and aggrieved homeowners, the conduct of the directors should be judged by the 'business judgment rule' and absent a showing of bad faith, dishonesty, or incompetence, the judgment of the directors will not be set aside by judicial action."); *id*. at 178, 760 S.E.2d at 129 ("When master deeds and bylaws show a homeowner's association has the obligation to maintain the common elements, the association has a duty to pursue a recovery for any alleged construction defects in the common elements.").[1]

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] As to whether the circuit court erred in granting summary judgment because Koola showed the master deed was unenforceable: *Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.