**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

ARO-D Enterprises, LLC, Respondent,

v.

Tiger Enterprises & Trading, Inc., Bonnie Walker and Dwight Walker, Petitioners,

Tiger Enterprises and Trading, Inc., Third-Party Plaintiff/Petitioners,

v.

Rudy A. Dixon, Frank T. Gangi, and T3 Aviation, Inc., Third-Party Defendants/Respondents.

Appellate Case No. 2024-000777

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Memorandum Opinion No. 2025-MO-035
Heard June 4, 2025 – Filed June 18, 2025

———————

**REVERSED IN PART, AFFIRMED AS MODIFIED IN PART, AND REMANDED.**

———————

Wesley D. Few, of Wesley D. Few LLC, of Greenville, for Petitioners.

Steven Edward Buckingham, of The Law Office of
Steven Edward Buckingham, LLC, of Greenville, for
Respondents Frank T. Gangi and T3 Aviation, Inc.

---

**PER CURIAM:**   In March 2020, ARO-D Enterprises, LLC (ARO-D) and its principal, Rudy Dixon, sued Tiger Enterprises & Trading Inc. (Tiger) and its principals, Dwight and Bonnie Walker, to reclaim airplane parts ARO-D/Dixon owned that Tiger refused to return.  Tiger counterclaimed for breach of contract and also sued Frank Gangi and his company T3 Aviation, Inc. (T3).  Tiger alleged, among other causes of action, that it had a contract with ARO-D/Dixon to sell the airplane parts and Gangi/T3 interfered with this contract.  Tiger also alleged Gangi/T3 violated South Carolina's Unfair Trade Practices Act (SCUPTA)[1] by making false statements to Tiger and its principals.  Gangi and T3 counterclaimed for a declaratory judgment that neither Dixon/ARO-D, nor Gangi/T3 had a contract with Tiger, and therefore, there was nothing that could be interfered with.

As is evident from the date, this lawsuit began around the same time the Covid-19 pandemic wreaked havoc across the country, affecting the legal system and the discovery process.  Consequently, Dixon's deposition was postponed repeatedly and did not occur before Dixon/ARO-D's and Gangi/T3's motions for partial summary judgment were heard in March 2021.  Gangi also had not been deposed.

The circuit court granted summary judgment to Gangi/T3 on Tiger's tortious interference with a contract and SCUTPA claims and on Gangi/T3's declaratory judgment claim.  The trial court also granted summary judgment in favor of ARO-D/Dixon on its claim and delivery cause of action (Tiger and the Walkers have now dropped this cause of action).  The summary judgment rulings were largely based on the circuit court's finding that Dixon/ARO-D and Tiger had only "agreed to agree," and there was insufficient evidence of a contract between the parties with which Gangi/T3 could have interfered.[2]

Tiger appealed, asserting the trial court granted summary judgment prematurely, or, in the alternative, the record demonstrated sufficient evidence of a contract between ARO-D/Dixon and Tiger.  The court of appeals affirmed the trial court in an

---

[1] S.C. Code Ann. §§ 39-5-10 to- 890 (2023 & Supp. 2024).

[2] Numerous claims are still pending in the trial court in this case, in part because of Dixon's 2023 death.

unpublished opinion. *ARO-D v. Tiger Enter.*, 2024-UP-049 (S.C. Ct. App. filed Feb. 7, 2024). We granted certiorari.

We now reverse the grant of partial summary judgment and remand to the circuit court for further discovery on (1) Tiger's claim against Gangi/T3 for tortious interference with a contract and (2) Gangi/T3's claims for declaratory judgment. The grant of summary judgment was premature on these claims. *See Doe ex rel. Doe v. Batson*, 345 S.C. 316, 321–22, 548 S.E.2d 854, 857 (2001) ("Summary judgment is a drastic remedy, which should be cautiously invoked so that no person will be improperly deprived of a trial of the disputed factual issues. This means, among other things, that summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery.").

We appreciate the circuit court's thoughtful approach to this case. But we conclude, when looking at the record in the most favorable light to Tiger and drawing all inferences in its favor, that there is a genuine issue of material fact as to the existence of a contract between Tiger and ARO-D/Dixon that a jury should resolve. Likewise, there are genuine issues of material fact as to Gangi's/T3's alleged interference with the contract. All of these disputed issues, shadowy as they may seem, are bound up in the parties' statements and their frenetic course of dealing. Their commerce was not pristine, to say the least, but we cannot judge credibility at the summary judgment stage, and justice requires that the parties be allowed to further develop the facts by way of discovery unhampered by the scheduling challenges the pandemic posed. We emphasize that this case is unique, as it involved international activity and logistical wrinkles, compounding the limitations imposed by a worldwide public health emergency.

We affirm as modified the grant of summary judgment as to Tiger's claim against Gangi/T3 for violation of the SCUTPA. As best we can understand, Tiger claims Gangi/T3 made several false statements that amounted to the "unfair and deceptive acts" essential to a SCUTPA claim. Gangi/T3 were entitled to summary judgment on this claim because Tiger failed to produce any evidence of, or even provide, the alleged false statements Gangi/T3 made that it purportedly relied on to its detriment. *See* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Presumably, this information would already be in Tiger's possession if it relied on these statements. *CEL Prods., LLC v. Rozelle*, 357 S.C. 125, 131, 591 S.E.2d 643, 646 (Ct. App. 2004) (holding summary judgment was not premature when the information sought through deposing the other party was

already in possession of the party who requested the deposition).

**REVERSED IN PART, AFFIRMED AS MODIFIED IN PART, AND REMANDED.**

**KITTREDGE, C.J., JAMES, HILL, VERDIN, JJ., and Acting Justice Brian M. Gibbons, concur.**